**PETER D. HAWKES,** OSB No. 071986
peter@angelicalfo.com
ANGELI & CALFO LLC
121 SW Morrison Street, Suite 400
Portland, OR 97204
Telephone: (503) 954-2232
Facsimile: (503) 227-0880

*Attorneys for Meta Platforms, Inc.*

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

| | |
|---|---|
| EMANUEL MCCRAY, on behalf of himself and all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>UNITED STATES OF AMERICA et al.;<br><br>Defendants. | Case No.: **3:26-cv-01193-IM**<br><br>**DEFENDANT META PLATFORMS, INC.'S MOTION TO DISMISS**<br><br>Pursuant to Fed. R. Civ. P. 12(b)(6) |

**LR 7-1(a) CERTIFICATION**

Counsel for Defendant Meta Platforms, Inc. ("Meta") certify that they made a good-faith effort to confer with pro se Plaintiff Emanuel McCray to resolve the dispute presented by this motion but, despite two requests to confer telephonically, Plaintiff did not respond to Meta's outreach beyond noting by email that he did not object to the filing of this motion.

**MOTION**

In accordance with Federal Rule of Civil Procedure 12(b)(6), Meta moves to dismiss the claims asserted against it in the Complaint for failure to satisfy Rule 8 and failure to state a claim. This motion is supported by the Legal Memorandum below.

## LEGAL MEMORANDUM

## I. INTRODUCTION

Plaintiff, proceeding pro se, filed this putative class action asserting a single claim for assault and battery under 42 U.S.C. § 233(e) against the United States, Anthony Fauci, the Centers for Medicare & Medicaid Services, Atlas Genomics LLC, X Corp., and Meta. (Compl. ¶¶ 2, 4–16.) The Complaint seeks $400 trillion in damages—a sum it states is "to be borne exclusively by the United States." (*Id.* ¶ 31.) In the Prayer for Relief, by contrast, Plaintiff "pray[s] for judgment against the United States and the other named Defendants not to be less than $400 trillion." (*Id.* pg. 213). The Complaint spans 217 pages, plus 250 pages of exhibits, and includes purported classification markings, indecipherable language, block quotations of unclear origin, and invocations of sources ranging from the Truman Administration to Perry Mason to the transcripts of the Nuremberg trials. (*See generally id.*)

Plaintiff's claim against Meta should be dismissed for multiple, independent reasons. First, the sprawling Complaint violates Federal Rule of Civil Procedure 8(a)'s command that a plaintiff file a "short, plain statement" alleging claims for relief. Second, the sole claim for relief actually asserted in the Complaint speaks to liability only for government employees—not private actors like Meta. Third, because the Complaint's remaining innuendo about Meta's supposed content moderation falls squarely within the immunity granted by Section 230 of the Communications Decency Act ("Section 230"), leave to amend would be futile and dismissal should be with prejudice.

## II. ALLEGED FACTS

Plaintiff alleges that COVID-19 was a laboratory-created weapon and that federal public-health officials negligently allowed it to enter and spread throughout the United States, causing

him and a proposed class of over 100 million Americans to suffer "chronic and persistent" infection. (*Id.* ¶¶ 2–3, 30.) Plaintiff does not allege where or when he personally contracted COVID-19, but he claims he has tested positive for antibodies "for at least the past three years." (*Id.* ¶ 3(30).) His purported administrative tort claim lists the "Date and Day of Accident" as December 31, 2019—before the first confirmed COVID-19 case in the United States—and identifies the location of injury only as "NATIONWIDE." (*Id.*, Ex. 1.)

Meta is a technology company that operates online services, including Facebook, Instagram, and WhatsApp. (*Id.* ¶ 15.) The Complaint does not, nor could it, allege that Meta is a government agency, a public-health entity, or a commissioned officer or employee of the U.S. Public Health Service ("PHS"). The Complaint does not allege that Meta had any role in creating, releasing, or spreading COVID-19. Plaintiff states that Meta, along with Co-Defendant X Corp., engaged in purported "conspiracy-type participation" in three categories of conduct: (1) the alleged "COVID-19 pandemic 'Censorship Industrial Complex'"; (2) the allegedly "defective designs of their social media products"; and (3) "the failure of the United States to provide adequate warnings" about harms from those products. (*Id.* ¶ 16.)

The factual allegations specific to Meta are sparse. Plaintiff alleges that Meta blocked him from sharing a social media post about the Academy Awards, characterizing it as COVID-19 "misinformation." (*Id.* ¶ 18.) He also cites congressional testimony claiming that "the FBI programmed Facebook executives to censor" a news article. (*Id.* ¶ 19.) And he references a letter in which Meta CEO Mark Zuckerberg allegedly "confirmed the COVID-19 planned pandemic censorship pressure from the Biden Administration." (*Id.* ¶ 20.) None of these allegations connects Meta's conduct to Plaintiff's claimed physical injury—chronic COVID-19 infection.

The sole cause of action that Meta can discern from the face of the Complaint is assault and battery, purportedly under 42 U.S.C. § 233(e), a statute that speaks only to remedies against the United States for personal injuries caused by PHS personnel "in the performance of medical, surgical, dental, or related functions." (*Id.* ¶¶ 223–229.) The Complaint does not identify any independent cause of action against Meta.

## III. ARGUMENT

### A. Legal Standard.

When deciding a motion to dismiss for failure to state a claim under Rule 12(b)(6), the Court accepts well-pleaded allegations as true. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). But any inferences in favor of Plaintiff must be "plausible," and not merely a "possibility[.]" *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 556–57 (2007). Moreover, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678. Courts disregard allegations that are conclusions of law. *Id*. Likewise, "the trial court does not have to accept as true conclusory allegations in a complaint." *In re Tracht Gut, LLC*, 836 F.3d 1146, 1150 (9th Cir. 2016). Specifically, "[a]llegations are factually deficient when a 'complaint lumps defendants together and fails to adequately distinguish claims and alleged wrongs among defendants.'" *Wolfe v. City of Portland*, 2021 WL 4713237, at *12 n.12 (D. Or. Oct. 8, 2021) (citation omitted).

### B. Plaintiff's Claims Against Meta Fail to State a Claim.

The Court should dismiss Plaintiff's claims against Meta. Even judged by the standards for pro se filings, the Complaint is nearly incomprehensible. Far from the short, plain statement that the Federal Rules require, the Complaint is a sprawling document marred by unclear images and obscure markings—apparent attempts to mimic a government classification scheme. Meta

has no reasonable means of understanding the claim or claims the Complaint alleges against it, assuming it alleges any at all. And the only discernible claim in the document relates only to the conduct of government employees and entities receiving government funding under the Public Health Service Act, and their alleged negligence in performing medical functions. But Meta is a private company that is not alleged to have performed any medical functions.

**1. The sprawling Complaint violates Rule 8(a).**

To start, courts "have held that a complaint which is needlessly long, highly repetitious, or confused violates Rule 8(a)'s requirement of a short and plain statement." *Doe v. Univ. of Idaho*, 2024 WL 4308380, at *2 (D. Idaho Sept. 26, 2024). And while the appropriate "length and level of clarity for a pleading cannot be defined with any great precision," a plaintiff violates Rule 8(a) with a pleading that is "highly repetitious, or confused, or consist[ing] of incomprehensible rambling." *Cafasso ex rel. United States v. Gen. Dynamics C4 Sys., Inc.*, 637 F.3d 1047, 1059 (9th Cir. 2011) (citation omitted); *see also Hatch v. Reliance Ins. Co.*, 758 F.2d 409, 415 (9th Cir. 1985) (upholding a Rule 8(a) dismissal of a complaint that "exceeded 70 pages in length, [and was] confusing and conclusory"). The sprawling 200-plus page Complaint here (supplemented by more than 250 pages of exhibits) plainly violates the Federal Rules and warrants dismissal on that basis alone.

**2. The Complaint fails to allege assault or battery by Meta.**

Even if the Complaint satisfied Rule 8 (it doesn't), the sole purported cause of action apparent on the face of the Complaint is for "assault and battery" under 42 U.S.C. § 233(e). That provision "waives governmental immunity for 'assault or battery arising out of negligence in the performance of medical, surgical, dental, or related functions, including the conduct of clinical studies or investigations.'" *Blackburn v. United States*, 2021 WL 3027979, at *2 (10th Cir.

July 19, 2021) (quoting 42 U.S.C. § 233(e)). It does not constitute a cause of action in itself, but merely "eliminate[s] the intentional tort exception of the [Federal Tort Claims Act ("FTCA")] as it pertains to assaults and batteries arising out of negligence." *Brignac v. United States*, 239 F. Supp. 3d 1367, 1379 (N.D. Ga. 2017). Section 233(e) is but one subsection of the Public Health Service Act ("PHSA"), which extends FTCA liability protections for PHS employees "to public or non-profit private entities receiving federal funds under the PHSA." *El Rio Santa Cruz Neighborhood Health Ctr., Inc. v. U.S. Dep't of Health & Human Servs.*, 396 F.3d 1265, 1267 (D.C. Cir. 2005). The statute speaks, on its face, only to the potential liability of government employees and publicly funded entities receiving government money under the Public Health Service Act. *See id.* Meta, however, is a private entity. *See Atkinson v. Meta Platforms, Inc.*, 2021 WL 5447022, at *1–2 (9th Cir. Nov. 22, 2021) (ruling that Meta is a private actor and thus affirming dismissal of § 1983 claim).

Moreover, nothing in the Complaint alleges facts showing that Meta was negligent in performing medical, surgical, dental, or related functions—indeed, there are no allegations in the Complaint that Meta even performed such functions at all—much less that Meta receives federal funds under the Public Health Service Act. The Complaint is also completely devoid of alleged facts plausibly showing Meta's participation in any assault or battery under any standard. And there are no allegations in the Complaint plausibly suggesting that Meta played any role in Plaintiff's claimed physical injury: chronic COVID-19 infection. Any claim against Meta must therefore be dismissed.

**C. Because Amendment Would Be Futile, Dismissal Should Be With Prejudice.**

Any claim that Plaintiff may attempt to bring against Meta for its alleged censorship of his or others' content—which is the only factual allegation raised against Meta in the

Complaint—would be barred by Section 230 of the Communications Decency Act. To the extent the Court dismisses Plaintiff's Complaint against Meta on the merits, it should therefore do so with prejudice.

Section 230 provides that "[n]o provider or user of an interactive computer service shall be treated as the publisher or speaker of any information provided by another information content provider." *Id.* § 230(c)(1). Section 230(e)(3) gives teeth to this intent by stating unequivocally that "[n]o cause of action may be brought and no liability may be imposed under any State or local law that is inconsistent with this section." Section 230 is to be "construed broadly, 'to protect websites not merely from ultimate liability, but from having to fight costly and protracted legal battles.'" *Cross v. Facebook, Inc.*, 14 Cal. App. 5th 190, 206 (2017) (citation omitted). Crucially, Section 230 bars claims based on a service provider's decisions about "reviewing, editing, and deciding whether to publish or to withdraw from publication third-party content." *Barnes v. Yahoo!, Inc.*, 570 F.3d 1096, 1102 (9th Cir. 2009).

Under Section 230(c)(1), a claim is barred as a matter of law if (1) the defendant is a "provider … of an interactive computer service[;]" (2) the allegedly offending content was "provided by another information content provider[;]" and (3) the plaintiff's claims treat the defendant as the "publisher" of that content. 47 U.S.C. § 230(c)(1); *Sikhs for Justice "SFJ", Inc. v. Facebook, Inc.*, 144 F. Supp. 3d 1088, 1093 (N.D. Cal. 2015), *aff'd*, 697 F. App'x 526 (9th Cir. 2017). Because Plaintiff's sparse factual allegations regarding Meta satisfy all three parts of this test, further amendment rooted in Meta's alleged content moderation policies would be futile.

First, Meta is an interactive computer service provider. Section 230 defines an interactive computer service provider as "any information service, system, or access software provider that

provides or enables computer access by multiple users to a computer server." 47 U.S.C. § 230(f)(2). Courts have uniformly ruled that Meta meets that definition. *See, e.g.*, *Cross*, 14 Cal. App. 5th at 206; *Fed. Agency of News LLC v. Facebook, Inc.*, 432 F. Supp. 3d 1107, 1117 (N.D. Cal. 2020); *Ebeid v. Facebook, Inc.*, No. 18-CV-07030-PJH, 2019 WL 2059662, at *3 (N.D. Cal. May 9, 2019); *Sikhs for Justice*, 144 F. Supp. 3d at 1093.

Second, liability under any amendment consistent with the Complaint would stem from Meta's moderation of or refusal to publish posts by Plaintiff or other third parties. To satisfy the second element under Section 230, the information at issue must come from an "information content provider" that is not Meta. 47 U.S.C. § 230(c)(1). This inquiry is simple if, as here, the "complaint admits that [someone other than Meta] is the source of the information" while "nowhere alleg[ing] that [Meta] provided, created, or developed any portion" of the content. *Fed. Agency of News LLC v. Facebook, Inc.*, 395 F. Supp. 3d 1295, 1305–06 (N.D. Cal. 2019).

Nothing in the Complaint suggests that Meta developed any of the content it purportedly censored, so this element is satisfied.

Third, any other requested relief in an amended complaint based on content moderation would treat Meta as a publisher. Under Section 230, a plaintiff's claim treats a defendant as a "publisher" when it seeks to hold a service provider liable for its purported exercise of "editorial functions"—such as "deciding whether to publish, withdraw, postpone or alter content." *See Barnes*, 570 F.3d at 1102 (citation omitted). What matters here is not the "name of the cause of action," but "whether the duty that the plaintiff alleges the defendant violated derives from the defendant's status or conduct as a 'publisher or speaker.' If it does, section 230(c)(1) precludes liability." *See Barnes*, 570 F.3d at 1101–02.

This includes any claims Plaintiff could press related to the alleged "censorship industrial complex." Deciding whether to remove content is a publishing function that "is perforce immune under Section 230." *Fair Hous. Council of San Fernando Valley v. Roommates.com, LLC*, 521 F.3d 1157, 1170–71 (9th Cir. 2008) (holding that "any activity that can be boiled down to deciding whether to exclude material that third parties seek to post online" is protected). For this reason, courts have repeatedly dismissed claims premised on factual allegations similar to the ones Plaintiff advances here. *See, e.g.*, *Castronuova v. Meta Platforms, Inc.*, 2025 WL 1914860, at *1, *4 (N.D. Cal. June 10, 2025) (dismissing allegations that Meta acted under pressure from federal officials to suppress speech disagreeing with the government's COVID-19 policies under Section 230); *see also Ligon v. Meta Platforms, Inc.*, 2026 WL 1146091, at *7–10 (N.D. Cal. Apr. 28, 2026) (dismissing claims alleging that Meta censored conservative viewpoints under Section 230).

Thus, because Section 230 reaches any other claim for relief that Plaintiff could assert against Meta, granting Plaintiff leave to amend would be futile. *See Eminence Cap., LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1052 (9th Cir. 2003) (explaining that dismissal with prejudice is warranted when amending complaint would be futile). Because the purported censorship Plaintiff describes, even if true, constitutes a core publishing function, Section 230 will preclude relief. *See Diep v. Apple, Inc.*, No. 22-16514, 2024 WL 1299995, at *1 (9th Cir. Mar. 27, 2024) ("The district court correctly concluded that the immunity afforded by § 230 renders amendment futile for these five claims." (citation modified)).

## IV. CONCLUSION

Plaintiff's claims against Meta should be dismissed with prejudice.

DATED: August 19, 2026

ANGELI & CALFO LLC

*s/ Peter D. Hawkes*
Peter D. Hawkes, OSB No. 071986
peter@angelicalfo.com
121 SW Morrison Street, Suite 400
Portland, OR 97204
Telephone: (503) 954-2232
Facsimile: (503) 227-0880

ORRICK, HERRINGTON & SUTCLIFF LLP

Michelle Visser (*Pro Hac Vice* Forthcoming)
mvisser@orrick.com
405 Howard Street
San Francisco, CA 94104
T: (415) 773-5700

Aaron Brecher (*Pro Hac Vice* Forthcoming)
abrecher@orrick.com
401 Union Street, Suite 3300
Seattle, WA 98101
T: (206) 839-4300

*Attorneys for Defendant Meta Platforms, Inc.*