**PETER D. HAWKES,** OSB No. 071986
peter@angelicalfo.com
ANGELI & CALFO LLC
121 SW Morrison Street, Suite 400
Portland, OR 97204
Telephone: (503) 954-2232
Facsimile: (503) 227-0880

*Attorneys for Meta Platforms, Inc.*

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

| | |
|---|---|
| EMANUEL MCCRAY, on behalf of himself and all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>UNITED STATES OF AMERICA et al.;<br><br>Defendants. | Case No.: **3:26-cv-01193-IM**<br><br>**DEFENDANT META PLATFORMS, INC.'S REPLY IN SUPPORT OF MOTION TO DISMISS**<br><br>Pursuant to Fed. R. Civ. P. 12(b)(6) |

## I. INTRODUCTION

Plaintiff's opposition to Meta's motion to dismiss does nothing to cure the deficiencies that require dismissing his Complaint with prejudice. Plaintiff's opposition does not dispute that his Complaint is sprawling and confusing in violation of Federal Rule of Civil Procedure 8(a). Nor does Plaintiff's opposition dispute that the Complaint fails to allege assault or battery by Meta, which is the only purported cause of action on the face of the Complaint. Both failures independently justify dismissal. And because Section 230 of the Communications Decency Act bars liability for online services like Meta for their publishing decisions related to third-party content, there is no viable amendment that could save Plaintiff's allegations against Meta.

Plaintiff spends the bulk of his opposition discussing Section 230, but he fails to tether his arguments to a cause of action asserted in the Complaint or to any other claim he could seek to bring. Beyond vague and unsupported suggestions that Meta's arguments are improper or misleading, Plaintiff urges only that Section 230 is unconstitutional or that Meta has somehow violated his constitutional rights. Both theories have been rejected by other courts and should be similarly rejected here. Meta thus asks the Court to dismiss the Complaint with prejudice.

## II. ARGUMENT

### A. The Complaint Violates Rule 8(a) and Fails to State a Claim.

As the motion discussed, courts routinely dismiss complaints—like Plaintiff's sprawling Complaint here—that violate Rule 8(a)'s requirement of a short, plain statement. *See* Mot. 5. Plaintiff acknowledges this argument and does not dispute that his Complaint is "'sprawling', 'confusing and conclusory." Opp'n 18. Insofar as the opposition tries to excuse Plaintiff's pleading failure by arguing that Meta's alleged underlying conduct was also confusing or conclusory, *id.*, it does not (and cannot) point to any authority for that argument. Compliance with Rule 8 is a threshold requirement that cannot be excused based on the nature of a plaintiff's allegations.

More importantly, and dispositively, Plaintiff's opposition does not even mention assault and battery—the sole cause of action alleged in the Complaint. *See generally id.* The opposition thus wholly fails to dispute Plaintiff's failure to state a claim for assault and battery against Meta. *See* Mot. 5–6. Dismissal is also warranted on this basis alone. *See Hollis v. R&R Rests., Inc.*, No. 21-cv-965, 2023 WL 2645453, at *2 (D. Or. Mar. 27, 2023) ("Generally, failure to respond to an argument in a motion to dismiss is a concession to that argument.").

**B. Because Amendment Would Be Futile, Dismissal Should Be with Prejudice.**

As Meta's motion explained, any claim that Plaintiff may attempt to bring against Meta for its alleged censorship of his or others' content would be barred by Section 230 of the Communications Decency Act. *See* Mot. 6–9. Plaintiff's opposition fails to rebut this contention.

First, Plaintiff's argument that Section 230 itself is unconstitutional lacks merit. *Contra* Opp'n 7–11. Courts have routinely rejected that argument, and Plaintiff offers no authority or cogent explanation to support it. *See, e.g.*, *Divino Grp. LLC v. Google LLC*, No. 19-cv-04749, 2022 WL 4625076, at *19 (N.D. Cal. Sept. 30, 2022); *Lewis v. Google LLC*, 461 F. Supp. 3d 938, 952–53 (N.D. Cal. 2020), *aff'd*, 851 F. App'x 723 (9th Cir. 2021); *Parker v. Paypal, Inc.*, No. Civ. 16-4786, 2017 WL 3508759, at *7 (E.D. Pa. Aug. 16, 2017).

That same section of the opposition also seems to suggest, without legal support, that Meta itself somehow violated Plaintiff's constitutional rights. *See, e.g.*, Opp'n 8, 11; *see also, e.g.*, *id.* 12, 16. But "the First Amendment applies only to governmental abridgements of speech, and not to alleged abridgements by private companies." *Trump v. Twitter Inc.*, 602 F. Supp. 3d 1213, 1218 (N.D. Cal. 2022) (quotation marks omitted), *appeal dismissed*, No. 22-15961, 2025 WL 1699850 (9th Cir. Feb. 10, 2025). And the Ninth Circuit has expressly rejected allegations that Meta should be treated as a state actor in the context of COVID-19 content-moderation cases, including those that involved more detailed allegations of Meta's alleged interactions with the government than Plaintiff offers here. *See Children's Health Def. v. Meta Platforms, Inc.*, 112 F.4th 742, 755–62 (9th Cir. 2024), *cert. denied*, 145 S. Ct. 2846 (2025). Courts in this Circuit have moreover found that Section 230 bars claims that Meta's alleged moderation of COVID-19 content violates the First Amendment. *See Castronuova v. Meta Platforms*, *Inc.*, No. 24-cv-02523, 2025 WL 1914860, at *2, *3, *4 (N.D. Cal. June 10, 2025)

(explaining that Section 230's "protection also extends to federal law causes of action" and collecting authorities dismissing First Amendment claims under Section 230 (quotation marks omitted)). In any event, Plaintiff does not tie his argument to any claim for relief stated in the Complaint.

Because Section 230 reaches any claim for relief that Plaintiff could assert against Meta, granting leave to amend would be futile. *See Diep v. Apple, Inc.*, No. 22-16514, 2024 WL 1299995, at *1 (9th Cir. Mar. 27, 2024) ("The district court correctly concluded that the immunity afforded by § 230 renders amendment futile for these five claims." (quotation marks omitted)). Dismissal should thus be with prejudice.

## III. CONCLUSION

For these reasons and those in Meta's motion, Plaintiff's claims against Meta should be dismissed with prejudice.

DATED: September 2, 2026

ANGELI & CALFO LLC

*s/ Peter D. Hawkes*
Peter D. Hawkes, OSB No. 071986
peter@angelicalfo.com
121 SW Morrison Street, Suite 400
Portland, OR 97204
Telephone: (503) 954-2232
Facsimile: (503) 227-0880

ORRICK, HERRINGTON & SUTCLIFF LLP

Michelle Visser (*Pro Hac Vice* Forthcoming)
mvisser@orrick.com
405 Howard Street
San Francisco, CA 94104
T: (415) 773-5700

Aaron Brecher (*Pro Hac Vice* Forthcoming)

abrecher@orrick.com
401 Union Street, Suite 3300
Seattle, WA 98101
T: (206) 839-4300

*Attorneys for Defendant Meta Platforms, Inc.*