Nicholas E. Wheeler, OSB No. 044491
E-mail: nick@nickwheelerlaw.com
LAW OFFICE OF NICHOLAS E. WHEELER, LLC
4800 Meadows Road, Suite 300
Lake Oswego, OR 97035
Telephone: (503) 486-4786
Facsimile: (503) 388-3475

Attorney for Defendant X Corp.

UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

PORTLAND DIVISION

EMANUEL MCCRAY, on behalf of himself and all others similarly situated,

Plaintiff,

v.

UNITED STATES OF AMERICA, et al.,

Defendants.

Case No. 3:26-cv-01193-IM

**DEFENDANT X CORP.'S MOTION TO SET ASIDE ENTRY OF DEFAULT**

## LR 7-1 CERTIFICATION

Pursuant to Local Rule 7-1(a), counsel for X Corp. certifies that he made a good faith effort to confer with Plaintiff Emanuel McCray by telephone, but Mr. McCray was not available, and X Corp. otherwise needs to proceed expeditiously under the circumstances.

## MOTION

On the assumption that the Clerk will soon enter a default against X Corp. pursuant to Fed. R. Civ. P. 55(a), X Corp. moves for an Order setting aside the entry of default pursuant to Fed. R. Civ. P. 55(c).

// // //

// // //

## POINTS & AUTHORITIES

### A. Introduction

Defendant X Corp. respectfully submits this opposition to Plaintiff Emanuel McCray's Motion for Clerk's Entry of Default (ECF No. 19) (the "Motion"). Plaintiff filed the Motion in the early morning hours of October 6, 2026 – the day after X Corp.'s response to the Complaint was due. As the Ninth Circuit has repeatedly emphasized, default judgments "are generally disfavored," and whenever it is reasonably possible, cases should be "decided on the merits." *Falk v. Allen*, 739 F.2d 461, 463 (9th Cir. 1984). That policy applies with special force here, where the request is for entry of default, the claimed delay is a matter of days, and the defendant has appeared to contest the action.

Good cause exists to relieve X Corp. from default. *First*, X Corp. did not willfully or in bad faith fail to respond. X Corp. was served on September 14, 2026, but a technical failure prevented its retained counsel from receiving the proof of service. Specifically, the email transmitting it exceeded outside counsel's email system's size limits and was not delivered. *See* Declaration of Bradley Humphreys ("Humphreys Decl.") ¶ 5. Counsel, who had been monitoring the docket – on which no return of service had been filed – did not learn that service was complete until Plaintiff moved for default on October 6, and thereafter promptly moved for relief.

*Second*, X Corp. has multiple meritorious defenses that it intends to raise at the pleading stage, including that Plaintiff lacks standing, that this Court lacks personal jurisdiction over X Corp., that venue is improper and the action is subject to a mandatory forum-selection clause designating the Northern District of Texas, that Plaintiff's claims are barred by Section 230 of the Communications Decency Act, and that the 217-page Complaint fails to allege any facts stating a plausible claim against X Corp.



Law Office of Nicholas E. Wheeler, LLC
4800 Meadows Road, Suite 300
Lake Oswego, OR 97035
Telephone: (503) 486-4786
Facsimile: (503) 388-3475

*Finally*, Plaintiff will suffer no prejudice: this case is at its earliest stage, no discovery has occurred, and the only consequence of denying the Motion is that Plaintiff's claims against X Corp. will be resolved on their merits.

Accordingly, X Corp. respectfully asks that to the extent Plaintiff's request for entry of default is entered, that X Corp. be relieved of that default by a further Order of this Court setting it aside.[1]

**B. Background**

**1. Plaintiff's Complaint**

Plaintiff, a resident of Vancouver, Washington, filed this action on June 12, 2026. ECF No. 1 ("Compl."); ECF No. 19 ¶ 3. In a 217-page Complaint brought against the United States and numerous other defendants, Plaintiff demands damages in the amount of – or, in the alternative, exceeding – $400 trillion for alleged injuries arising from what he calls the COVID-19 pandemic "Censorship Industrial Complex." Compl. ¶ 16 & Prayer for Relief. As to X Corp., Plaintiff alleges in the most conclusory manner that X Corp., together with other defendants, acted in "medical confederation with Fauci to create the conditions that caused serio[u]s bodily injuries to Plaintiffs." *Id.*, Prayer for Relief.

The Complaint pleads no facts tying X Corp. to Plaintiff's alleged injuries. X Corp. is organized under the laws of Nevada and maintains its principal place of business in Texas. The Complaint's only jurisdictional allegation directed at X Corp. asserts that "specific jurisdiction over defendants X Corp. and Meta comports with the Due Process Clause because the censorship operated on and through interstate telecommunication nodes in Portland, OR." *Id.* ¶ 34. And the only example of Plaintiff's own platform activity referenced anywhere in the Complaint – a post reproduced at Paragraphs 18 and 19 – complains that another social media platform account blocked Plaintiff from sharing content; it does not describe any action taken by X Corp. *Id.* ¶¶ 18-19.

[1] Through a contemporaneously filed separate motion, X Corp. is also seeking an extension of time to respond to Plaintiff's Complaint through October 22, 2026.



Law Office of Nicholas E. Wheeler, LLC
4800 Meadows Road, Suite 300
Lake Oswego, OR 97035
Telephone: (503) 486-4786
Facsimile: (503) 388-3475

**2. Service of Process and Plaintiff's Motion**

Plaintiff states that he sent X Corp. a "Notice of a Lawsuit and Request to Waive Service of Summons" dated June 20, 2026, and that X Corp. did not return the waiver. ECF No. 19 ¶ 4. The Clerk issued a summons as to X Corp. on September 10, 2026. ECF No. 19 ¶ 5; ECF No. 16. According to Plaintiff's process server, the summons and Complaint were delivered to United Agent Group Inc., X Corp.'s registered agent, in Frisco, Texas, on September 14, 2026. ECF No. 19-4 at 2. X Corp. does not contest that it was served on September 14, 2026.

Under Federal Rule of Civil Procedure 12(a)(1)(A)(i), X Corp.'s response to the Complaint was therefore due on Monday, October 5, 2026. At 1:46 a.m. on October 6, 2026 – less than two hours after X Corp.'s deadline – Plaintiff moved the Clerk to enter default against X Corp. under Rule 55(a). ECF No. 19 ¶¶ 2, 8, 15. Plaintiff did not file a return of service with the Court before moving for entry of default, which – though not technically required – is typical and would have alerted X Corp.'s outside counsel to the response deadline.

X Corp. promptly sought to notify its retained outside counsel that its registered agent had been served. On or about September 18, 2026, X Corp. transmitted the proof of service, summons, and Complaint to outside counsel by email. Because of the combined size of those documents, however, the message exceeded the attachment-size limit of outside counsel's email system and was not delivered to counsel. *See* Humphreys Decl. ¶ 5. Outside counsel, who had been monitoring the Court's docket and had observed that no return of service had been entered, therefore did not learn that service had been accomplished until the evening of October 6, 2026 – after Plaintiff filed his motion for entry of default. *Id.* ¶¶ 2–5. Counsel thereafter expeditiously prepared this motion.

**C. Relevant Law**

Rule 55(a) provides for entry of default only when a party "has failed to plead or otherwise defend." Fed. R. Civ. P. 55(a). Under Rule 55(c), a court "may set aside an entry of default for good cause." Fed. R. Civ. P. 55(c). In assessing good cause, courts in the Ninth



Law Office of Nicholas E. Wheeler, LLC
4800 Meadows Road, Suite 300
Lake Oswego, OR 97035
Telephone: (503) 486-4786
Facsimile: (503) 388-3475

Circuit consider: (1) whether the party seeking to set aside the default engaged in culpable conduct that led to the default; (2) whether it had no meritorious defense; or (3) whether the plaintiff will be prejudiced. *See United States v. Signed Pers. Check No. 730 of Yubran S. Mesle*, 615 F.3d 1085, 1091 (9th Cir. 2010) (cleaned up); *see also TCI Grp. Life Ins. Plan v. Knoebber*, 244 F.3d 691, 696 (9th Cir. 2001); *Brandt v. Am. Bankers Ins. Co. of Fla.*, 653 F.3d 1108, 1111 (9th Cir. 2011).

**D. Discussion**

**1. X Corp. Did Not Engage in Any Culpable Conduct**

A defendant's conduct is culpable only "if he has received actual or constructive notice of the filing of the action and *intentionally* failed to answer." *TCI*, 244 F.3d at 697 (emphasis in original) (citation omitted). In this context, "intentionally" means that the defendant acted with "bad faith, such as an intention to take advantage of the opposing party, interfere with judicial decisionmaking, or otherwise manipulate the legal process." *Mesle*, 615 F.3d at 1092 (quoting *TCI*, 244 F.3d at 697). Thus, a "neglectful failure to answer as to which the defendant offers a credible, good faith explanation negating any intention to take advantage of the opposing party, interfere with judicial decisionmaking, or otherwise manipulate the legal process is not 'intentional'" and is not necessarily culpable. *TCI*, 244 F.3d at 697–98.

X Corp.'s brief delay was neither intentional nor in bad faith. *See* Humphreys Decl. ¶¶ 5–6. Once X Corp.'s outside counsel learned, on October 6, 2026, that X Corp. had been served, counsel moved promptly to prepare this motion. *Id.* ¶¶ 4, 7. X Corp. has not sought to obtain any advantage from the delay, and the lack of a response was due solely to a technical failure that prevented its retained counsel from receiving the proof of service. Plaintiff, for his part, filed the motion within hours of the deadline's passing and did not file a return of service with the Court before moving for default. X Corp.'s conduct comes nowhere close to the "devious, deliberate, willful, or bad faith" failure to respond that the Ninth Circuit requires for culpability. *TCI*, 244 F.3d at 698; *see Mesle*, 615 F.3d at 1092–93.



Law Office of Nicholas E. Wheeler, LLC
4800 Meadows Road, Suite 300
Lake Oswego, OR 97035
Telephone: (503) 486-4786
Facsimile: (503) 388-3475

**2. X Corp. Has Meritorious Defenses**

The meritorious-defense requirement is "not extraordinarily heavy." *Mesle*, 615 F.3d at 1094 (quoting *TCI*, 244 F.3d at 700). A defendant need only "allege sufficient facts that, if true, would constitute a defense"; whether those facts are true "is not to be determined by the court when it decides the motion to set aside the default." *Id.* (citation omitted). X Corp. easily satisfies this standard. It intends to move to dismiss or, in the alternative, to transfer on at least the following grounds:

*Lack of standing.* The Complaint does not plead facts plausibly connecting X Corp. to any injury, let alone to the "assault and battery" Plaintiff alleges. Compl. ¶ 2. Without any allegation of injury that is traceable to X Corp., this Court lacks Article III jurisdiction to hear Plaintiff's claim against X Corp. *See Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560–61 (1992).

*Lack of personal jurisdiction.* X Corp. is not subject to general jurisdiction in Oregon. X Corp. is organized under the laws of Nevada, and, as Plaintiff alleges, its principal place of business is in Texas. Compl. ¶ 14; *see also Daimler AG v. Bauman*, 571 U.S. 117, 137 (2014). Nor is there specific jurisdiction over X Corp. regarding Plaintiff's claims. The Complaint's sole jurisdictional allegation (Compl. ¶ 34) – that alleged "censorship operated on and through interstate telecommunication nodes in Portland, OR" – does not include any indication that X Corp. purposefully directed any conduct at Oregon or that Plaintiff's claims arise out of any Oregon-related activity by X Corp. *See Picot v. Weston*, 780 F.3d 1206, 1211 (9th Cir. 2015).

*Improper venue and mandatory forum-selection clause.* No party – not even Plaintiff – resides in Oregon. Plaintiff is a resident of Washington, and the Complaint does not allege that the conduct underlying Plaintiff's claims occurred here. Moreover, Plaintiff – who uses X under the handle associated with his "Trump Genius" account (Compl. at 2, ¶¶ 18–19) – agreed to X's Terms of Service, which require that all disputes related to the service be brought exclusively in the U.S. District Court for the Northern District of Texas or state courts in Texas. Such a clause



Law Office of Nicholas E. Wheeler, LLC
4800 Meadows Road, Suite 300
Lake Oswego, OR 97035
Telephone: (503) 486-4786
Facsimile: (503) 388-3475

is "given controlling weight in all but the most exceptional cases." *Atl. Marine Constr. Co. v. U.S. Dist. Ct.*, 571 U.S. 49, 60, 63 (2013).

*Section 230 immunity and the Terms of Service.* To the extent Plaintiff's claims against X Corp. rest on alleged suppression or labeling of his content, they treat X Corp. as the publisher of third-party content and are barred by 47 U.S.C. § 230(c)(1). *See Fair Hous. Council of San Fernando Valley v. Roommates.com, LLC*, 521 F.3d 1157, 1170–71 (9th Cir. 2008) (en banc) ("[A]ny activity that can be boiled down to deciding whether to exclude material that third parties seek to post online is perforce immune under section 230."); *Barnes v. Yahoo!, Inc.*, 570 F.3d 1096, 1102–03 (9th Cir. 2009). X Corp.'s Terms of Service likewise reserve X Corp.'s right to remove or refuse to distribute content on X.

*Failure to state a claim.* Finally, the Complaint does not plead facts plausibly connecting X Corp. to the "assault and battery" Plaintiff alleges. The only post Plaintiff identifies concerns action by a Facebook-affiliated account, not X Corp. Compl. ¶¶ 18–19. Conclusory, group-pleaded allegations that X Corp. acted in "confederation" with others do not state a claim. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

Each of these defenses is "good at law" and, if accepted, would dispose of Plaintiff's claims against X Corp. in this Court.

**3. Plaintiff Will Not Be Prejudiced**

To be prejudicial, setting aside a default "must result in greater harm than simply delaying resolution of the case." *TCI*, 244 F.3d at 701. "[T]he standard is whether [plaintiff's] ability to pursue his claim will be hindered." *Falk*, 739 F.2d at 463. The delay must result in tangible harm, such as "loss of evidence, increased difficulties of discovery, or greater opportunity for fraud or collusion." *TCI*, 244 F.3d at 701 (quoting *Thompson v. Am. Home Assurance Co.*, 95 F.3d 429, 433–34 (6th Cir. 1996)).

Plaintiff will not be prejudiced by denial of his motion for entry of default. Plaintiff moved the day after X Corp.'s response was due, and X Corp. filed this opposition two days



Law Office of Nicholas E. Wheeler, LLC
4800 Meadows Road, Suite 300
Lake Oswego, OR 97035
Telephone: (503) 486-4786
Facsimile: (503) 388-3475

later. This case remains at its earliest stage. No scheduling order has issued, no discovery has occurred, and no substantive rulings in the case have issued.

**CONCLUSION**

For the foregoing reasons, to the extent the Clerk enters a default against X Corp., this Court should set the default aside and allow X Corp. to file its response to the Complaint within 14 days in accordance with X Corp.'s contemporarily filed separate motion.

DATED: October 8, 2026

LAW OFFICE OF NICHOLAS E. WHEELER, LLC

Nicholas E. Wheeler, OSB No. 044491
nick@nickwheelerlaw.com
Attorney for Defendant X Corp.



Law Office of Nicholas E. Wheeler, LLC
4800 Meadows Road, Suite 300
Lake Oswego, OR 97035
Telephone: (503) 486-4786
Facsimile: (503) 388-3475

**CERTIFICATE OF SERVICE**

I hereby certify that I caused to be served a true and correct copy of the foregoing **DEFENDANT X CORP.'S MOTION TO SET ASIDE ENTRY OF DEFAULT** on the date indicated below by:

☐ mail with postage prepaid, deposited in the US mail at Portland, Oregon,

☐ courtesy copy also sent by email,

☐ hand delivery,

☐ facsimile transmission,

☐ overnight delivery,

☐ courtesy copy via email,

☒ **electronic filing notification.**

I further certify that said copy was delivered as indicated above and addressed to said attorney(s) at the address(es) listed below:

Emanuel McCray
400 W McLoughlin Boulevard,
Apartment 5
Vancouver, WA 98660
emanuel.mccray@hotmail.com
*Pro Se* Plaintiff

Peter D. Hawkes
Angeli & Calfo LLC
121 SW Morrison Street, Suite 400
Portland, OR 97204
peter@angelicalfo.com
Attorney for Defendant Meta Platforms, Inc.

DATED: October 8, 2026

Nicholas E. Wheeler



Law Office of Nicholas E. Wheeler, LLC
4800 Meadows Road, Suite 300
Lake Oswego, OR 97035
Telephone: (503) 486-4786
Facsimile: (503) 388-3475