Nicholas E. Wheeler, OSB No. 044491
E-mail: nick@nickwheelerlaw.com
LAW OFFICE OF NICHOLAS E. WHEELER, LLC
4800 Meadows Road, Suite 300
Lake Oswego, OR 97035
Telephone: (503) 486-4786
Facsimile: (503) 388-3475

Attorney for Defendant X Corp.

UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

PORTLAND DIVISION

| | |
|---|---|
| EMANUEL MCCRAY, on behalf of himself and all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>UNITED STATES OF AMERICA, et al.,<br><br>Defendants. | Case No. 3:26-cv-01193-IM<br><br>**DEFENDANT X CORP.'S MOTION FOR EXTENSION OF TIME TO RESPOND TO PLAINTIFF'S COMPLAINT** |

## LR 7-1 CERTIFICATION

Pursuant to Local Rule 7-1(a), counsel for X Corp. certifies that he made a good faith effort to confer with Plaintiff Emanuel McCray by telephone, but Mr. McCray was not available, and X Corp. otherwise needs to proceed expeditiously under the circumstances.

## MOTION

Pursuant to Fed R. Civ. P. 6(b)(1)(B), X Corp. respectfully moves for an Order extending its deadline to answer, move, or otherwise respond to Plaintiff's Complaint (ECF No. 1) to October 22, 2026, fourteen days from the date of this Motion. This Motion is supported by the following memorandum of law and the Declaration of Bradley P. Humphreys ("Humphreys Decl.") filed concurrently with X Corp.'s Motion to Set Aside Entry of Default.

## POINTS & AUTHORITIES

### A. Introduction

X Corp. seeks a modest, fourteen-day extension of its deadline to respond to Plaintiff's 217-page Complaint. X Corp.'s response was due on October 5, 2026. X Corp. missed that deadline not through any willfulness or lack of diligence, but because the email by which X Corp. transmitted the proof of service, summons, and Complaint to its outside counsel exceeded the size limit of counsel's email system and was never delivered. Humphreys Decl. ¶ 5. Counsel, who had been monitoring the docket and had seen no return of service, did not learn that service was complete until the evening of October 6, 2026, when Plaintiff moved for entry of default. *Id.* ¶¶ 2-4. X Corp. appeared and filed a motion to set aside two days later, together with this motion.

Each of the factors that govern excusable neglect favors relief. Plaintiff will suffer no prejudice; the delay is a matter of days and will have no effect on a case in which no defendant has yet responded and no schedule has been set; the delay resulted from a technical transmission failure; and X Corp. has acted in good faith and expeditiously since learning of the problem. The Court should grant the motion so that Plaintiff's claims against X Corp. may be resolved on their merits.

### B. Background

Plaintiff filed this action on June 12, 2026, naming the United States and numerous other defendants, including X Corp. ECF No. 1. The Clerk issued a summons as to X Corp. on September 10, 2026. ECF No. 16. According to Plaintiff's process server, the summons and Complaint were delivered to X Corp.'s registered agent in Frisco, Texas, on September 14, 2026. ECF No. 19-4 at 2. X Corp. does not contest that it was served on that date. Its response was therefore due on Monday, October 5, 2026. Fed. R. Civ. P. 12(a)(1)(A)(i).

On or about September 18, 2026, X Corp. attempted to transmit the proof of service, summons, and Complaint to its outside counsel by email. Humphreys Decl. ¶ 5. Because the



Law Office of Nicholas E. Wheeler, LLC
4800 Meadows Road, Suite 300
Lake Oswego, OR 97035
Telephone: (503) 486-4786
Facsimile: (503) 388-3475

attached documents exceeded the size limit for incoming email in counsel's firm's email system, the message was not delivered. *Id.* Counsel, who had been monitoring the Court's docket on a regular basis, observed that through October 5, 2026, the docket reflected no return or proof of service as to X Corp. *Id.* ¶¶ 2–3. Plaintiff did not file a return of service before moving for default.

At 1:46 a.m. on October 6, 2026, Plaintiff moved for the Clerk's entry of default against X Corp. ECF No. 20. Counsel first learned that X Corp.'s registered agent had been served that evening, upon becoming aware of Plaintiff's motion. Humphreys Decl. ¶ 4. Counsel immediately took steps to appear and remedy the situation, *id.* ¶ 7, and X Corp. filed its Motion to Set Aside Entry of Default on October 8, 2026, contemporaneously with this motion. As set out in the contemporaneous motion, X Corp. intends to move to dismiss or, in the alternative, to transfer this action on multiple grounds, including lack of standing, lack of personal jurisdiction, improper venue and a mandatory forum-selection clause, Section 230 of the Communications Decency Act, and failure to state a claim. ECF No. 21 at pp. 6-7.

### C. Relevant Law

When an act must be done within a specified time, "the court may, for good cause, extend the time * * * on motion made after the time has expired if the party failed to act because of excusable neglect." Fed. R. Civ. P. 6(b)(1)(B). Whether neglect is excusable "is at bottom an equitable one, taking account of all relevant circumstances surrounding the party's omission," including "the danger of prejudice to the [non-moving party], the length of the delay and its potential impact on judicial proceedings, the reason for the delay, including whether it was within the reasonable control of the movant, and whether the movant acted in good faith." *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 395 (1993); *see Ahanchian v. Xenon Pictures, Inc.*, 624 F.3d 1253, 1261 (9th Cir. 2010) (applying *Pioneer* to Rule 6(b)(1)(B)); *Bateman v. U.S. Postal Serv.*, 231 F.3d 1220, 1223–24 (9th Cir. 2000). "Excusable neglect" is "a somewhat 'elastic concept' and is not limited strictly to omissions



Law Office of Nicholas E. Wheeler, LLC
4800 Meadows Road, Suite 300
Lake Oswego, OR 97035
Telephone: (503) 486-4786
Facsimile: (503) 388-3475

caused by circumstances beyond the control of the movant." *Pioneer*, 507 U.S. at 392. And no single factor is dispositive; the Ninth Circuit has rejected per se rules in favor of a case-specific weighing of the equities. *Pincay v. Andrews*, 389 F.3d 853, 855, 859–60 (9th Cir. 2004) (en banc).

Rule 6(b)(1) "[is] to be liberally construed to effectuate the general purpose of seeing that cases are tried on the merits." *Ahanchian*, 624 F.3d at 1258–59 (quoting *Rodgers v. Watt*, 722 F.2d 456, 459 (9th Cir. 1983)). That principle aligns with the Ninth Circuit's longstanding preference that "[c]ases should be decided upon their merits whenever reasonably possible." *Eitel v. McCool*, 782 F.2d 1470, 1472 (9th Cir. 1986); *see Falk v. Allen*, 739 F.2d 461, 463 (9th Cir. 1984).

**D. Discussion**

Each *Pioneer* factor supports a finding of excusable neglect and a brief extension of X Corp.'s first appearance deadline.

**1. Plaintiff Will Not Be Prejudiced**

Extending X Corp.'s deadline will cause Plaintiff no cognizable prejudice. Prejudice in this context requires more than the delay inherent in litigating a claim on its merits; the question is whether the delay will hinder the plaintiff's ability to pursue his claim, such as through "loss of evidence, increased difficulties of discovery, or greater opportunity for fraud or collusion." *TCI Grp. Life Ins. Plan v. Knoebber*, 244 F.3d 691, 701 (9th Cir. 2001) (citation omitted); *see Bateman*, 231 F.3d at 1225 (no prejudice where the only harm was losing a "quick victory" and having to litigate on the merits). None of those harms is present. This case is at its earliest stage: no scheduling order has issued and no discovery has occurred. The only consequence of the requested extension is that Plaintiff's claims against X Corp. will be adjudicated on their merits rather than by default.

// // //

// // //



Law Office of Nicholas E. Wheeler, LLC
4800 Meadows Road, Suite 300
Lake Oswego, OR 97035
Telephone: (503) 486-4786
Facsimile: (503) 388-3475

**2. The Delay is Minimal and Will Not Affect These Proceedings**

The length of the delay and its impact on the proceedings likewise favor relief. X Corp. filed this motion three days after its response deadline passed and two days after Plaintiff moved for default. The Ninth Circuit has found far longer delays excusable. *See Bateman*, 231 F.3d at 1225 (one-month delay in responding to summary-judgment motion, followed by a further delay before seeking relief); *Pincay*, 389 F.3d at 855–56 (late-filed notice of appeal). The requested extension – to October 22, 2026 – is modest and will not disrupt any schedule, because none has been set. Nor will it burden the Court: X Corp. intends to raise its threshold defenses, including personal jurisdiction, venue, and the forum-selection clause, in a single Rule 12 motion that may streamline or narrow the case as to X Corp.

**3. The Delay Resulted from a Technical Transmission Failure**

The reason for the delay was a breakdown in communication that neither X Corp. nor its counsel intended or anticipated. X Corp. did not ignore the Complaint; it promptly forwarded the service papers to its outside counsel. Humphreys Decl. ¶ 5. That transmission failed only because the combined size of the attachments exceeded the incoming-message limit of counsel's email system, and the message was never delivered. *Id.* Counsel, meanwhile, was actively monitoring the docket for a return of service, which Plaintiff never filed. *Id.* ¶¶ 2–3. Counsel therefore had no reason to know that service had been accomplished, and that the response clock was running, until Plaintiff moved for default. *Id.* ¶ 4.

This is precisely the kind of "simple, faultless omission[]" or excusable carelessness that the *Pioneer* framework contemplates. 507 U.S. at 388. Even where a delay results from a mistake within a party's or counsel's control, the Ninth Circuit has held that the remaining equitable factors may warrant relief. *See Pincay*, 389 F.3d at 859–60 (affirming finding of excusable neglect where counsel's paralegal misread the governing rule); *Bateman*, 231 F.3d at 1224-25. Here, the reason for the delay—an undelivered email combined with the absence of



Law Office of Nicholas E. Wheeler, LLC
4800 Meadows Road, Suite 300
Lake Oswego, OR 97035
Telephone: (503) 486-4786
Facsimile: (503) 388-3475

any return of service on the docket – is far more sympathetic than the errors excused in those cases.

**4. X Corp. Has Acted in Good Faith**

Finally, X Corp. has acted in good faith throughout. Its failure to respond by October 5 was not willful and was not designed to delay the proceedings or gain any tactical advantage. Humphreys Decl. ¶ 6. Within two days of learning that service had been completed, counsel appeared, sought relief from default, and filed this motion seeking a short and definite extension. *Id.* ¶ 7. Nothing in the record suggests any "bad faith, such as an intention to take advantage of the opposing party, interfere with judicial decisionmaking, or otherwise manipulate the legal process." *United States v. Signed Pers. Check No. 730 of Yubran S. Mesle*, 615 F.3d 1085, 1092 (9th Cir. 2010) (quoting *TCI*, 244 F.3d at 697).

By filing this motion, X Corp. does not waive, and expressly preserves, all defenses and objections available to it, including those under Federal Rule of Civil Procedure 12(b)(1), (2), (3), and (6), improper venue, and enforcement of the forum-selection clause in X's Terms of Service.

**CONCLUSION**

For the foregoing reasons, X Corp. respectfully requests that the Court grant this motion and extend X Corp.'s deadline to answer, move, or otherwise respond to Plaintiff's Complaint to and including October 22, 2026.

DATED: October 8, 2026

LAW OFFICE OF NICHOLAS E. WHEELER, LLC

Nicholas E. Wheeler, OSB No. 044491
nick@nickwheelerlaw.com
Attorney for Defendant X Corp.



Law Office of Nicholas E. Wheeler, LLC
4800 Meadows Road, Suite 300
Lake Oswego, OR 97035
Telephone: (503) 486-4786
Facsimile: (503) 388-3475

## CERTIFICATE OF SERVICE

I hereby certify that I caused to be served a true and correct copy of the foregoing **DEFENDANT X CORP.'S MOTION FOR EXTENSION OF TIME TO RESPOND TO PLAINTIFF'S COMPLAINT** on the date indicated below by:

☐ mail with postage prepaid, deposited in the US mail at Portland, Oregon,

☐ courtesy copy also sent by email,

☐ hand delivery,

☐ facsimile transmission,

☐ overnight delivery,

☐ courtesy copy via email,

☒ **electronic filing notification.**

I further certify that said copy was delivered as indicated above and addressed to said attorney(s) at the address(es) listed below:

Emanuel McCray
400 W McLoughlin Boulevard,
Apartment 5
Vancouver, WA 98660
emanuel.mccray@hotmail.com
*Pro Se* Plaintiff

Peter D. Hawkes
Angeli & Calfo LLC
121 SW Morrison Street, Suite 400
Portland, OR 97204
peter@angelicalfo.com
Attorney for Defendant Meta Platforms, Inc.

DATED: October 8, 2026

Nicholas E. Wheeler



Law Office of Nicholas E. Wheeler, LLC
4800 Meadows Road, Suite 300
Lake Oswego, OR 97035
Telephone: (503) 486-4786
Facsimile: (503) 388-3475