**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF OREGON (PORTLAND)**

| | |
|---|---|
| EMANUEL MCCRAY, a/k/a "Trump Genius," *On Behalf of Himself and All Others Similarly Situated,*<br><br>Plaintiffs,<br><br>vs.<br><br>UNITED STATES OF AMERICA, *et al.*,<br><br>Defendants. | Case No. **3:26-CV-01193-IM**<br><br>PLAINTIFF'S RESPONSE TO ECF 21, 22 AND 23 |

For Plaintiff's response to the recent filings of Defendant X Corp., ECFs 21, 22 and 23, Plaintiff urges the Court to reject the relief Defendant X Corp. now seeks after being duly served on September 14, 2026 through its Registered Agent.

In support of this Response, Plaintiff relies on ECF 18 and 20 and the Memorandum of Law that follows.

Dated this 10th day of October 2026.

s/ Emanuel McCray
Emanuel McCray
*Plaintiff, Pro Se*

# MEMORANDUM OF LAW

## A. Constitutional Due Process.

Perry Mason once said: "Murder is usually very simple. It's the getting away with it that's real complicated and tricky."[1]

ECFs 21, 22 and 23 demonstrates the "complicated and tricky" part of participating in a global assault and battery flowing from a scheme to commit, and attempt to commit, mass global homicide.

A small child's claim that the dog ate their homework survives much better than the arguments made across ECFs 21, 22 and 23.

"When an attorney of record appears in an action for one of the parties, his authority, in the absence of any proof to the contrary, will be presumed." *Hill v. Mendenhall,* 88 U.S. 453, 454 (1874). See also *Doraleh Container Terminal SA v. Republic of Djibouti,* 109 F.4th 608, 611 (D.C. Cir. 2024) ("Such authority is presumed".).

It is not to be found anywhere in the papers filed by the lawyers claiming to represent Defendant X Corp. that the process server was less than competent, and as a result, deprived Defendant X Corp. of the ability to respond within 21 days. This outcome is controlled by *Direct Mail Specialist, Inc. v. Eclat Computerized Techs.,*

---

[1] Perry Mason. *The Case of the Frantic Flyer.* Season 3, Episode 12. @ 50:36. Available from https://www.amazon.com/gp/video/detail/B077LXZRSX/ref=atv_dp_season_select_s3.

*Inc.,* 840 F.2d 685, 688 (9th Cir. 1988) ("Service on a corporation is proper if made pursuant to Fed. R. Civ. P. 4(d)(3) or 4(c)(2)(C)(i).")

Since the founding of Our Nation, all the Constitution has ever required is that an adversary be given an opportunity to be heard, which is "[t]he "fundamental requisite of due process of law". *Mullane v. Central Hanover Bank & Trust Co.,* 339 U.S. 306, 314 (1950).

As will be shown further herein, not only was the opportunity to be heard granted, but Defendant X Corp. was also given over 100 days to place the objections of the Corporation before this Honorable Court.

**B. ECFs 21, 22 and 23 Perfects the Request for Entry of Default.**

With regards to the delivery of Plaintiff's Motion for Entry of Default, Plaintiff received the following information from the United States Postal Service on October 8, 2026 and October 9, 2026, respectively:

| |
|---|
| **Addressed To:**<br>X. CORP.<br>C/O Registered Agent<br>United Agent Group Inc.<br>2595 N Dallas Pkwy, Suite 350<br>Frisco, TX 75034<br>USPS Tracking No. 420786023227950551503744627980607<br>"Your item was delivered to a parcel locker at 12:54 pm on October 8, 2026 in FRISCO, TX 75034." |
| **Addressed To:**<br>X CORP.<br>865 FM 1209, Building 2<br>Bastrop, TX 78602 |

USPS Tracking No. 420786023227950551503744627980607
"Your item was delivered in or at the mailbox at 11:36 am on October 9, 2026 in BASTROP, TX 78602."

According to information available from the U.S. Postal Service, the earliest Defendant X Corp. could have received notice of the Motion through the U.S. Postal Service was October 8, 2026 at 12:54 pm.

Numerous conflicts are to be found in ECF 21, 22, and 23. For example, ECF 23 at 3 claims the following: "At 1:46 a.m. on October 6, 2026, Plaintiff moved for the Clerk's entry of default against X Corp. ECF No. 20." This timestamp is incorrect and inconsistent with CM/ECF which reflects ECF 20 was entered at "8:11 AM PDT" and ECF 19 was entered at "7:33 AM PDT", respectively:

**Notice of Electronic Filing**

The following transaction was entered on 10/6/2026 at 8:11 AM PDT and filed on 10/6/2026
**Case Name:** McCray v. United States of America et al
**Case Number:** 3:26-cv-01193-IM
**Filer:** Emanuel McCray
**Document Number:** 20

**Docket Text:**
Motion for Entry of Default *AS TO DEFENDANT X CORP.*. Filed by Emanuel McCray. (Attachments: # (1) Exhibit DECLARATION OF SERVICE OF SUMMONS IN SUPPORT OF ENTRY OF DEFAULT, # (2) Exhibit PROPOSED ORDER, # (3) Exhibit CERTIFICATE OF SERVICE) (McCray, Emanuel)

**Notice of Electronic Filing**

The following transaction was entered on 10/6/2026 at 7:33 AM PDT and filed on 10/6/2026
**Case Name:** McCray v. United States of America et al
**Case Number:** 3:26-cv-01193-IM
**Filer:** Emanuel McCray
**Document Number:** 19

**Docket Text:**
Affidavit of Service of Summons Issued, [16] upon X Corp. served on 9/14/2026, answer due on 10/5/2026 (Attachments: # (1) Exhibit 1. Docket as of October 6, 2026, # (2) Exhibit 2. Signed Notice of Lawsuit and Request To Waive Service, # (3) Exhibit 3. Summons Issued As To X Corp., # (4) Exhibit 4. Proof of Service and Mailing As To X Corp., # (5) Exhibit 5. Notice of Lawsuit Through U.S. Postal Service) Filed by Emanuel McCray. (McCray, Emanuel)

ECF 23 at 2 provides another reason why relief is unavailable to Defendant X Corp.:

> "On or about September 18, 2026, X Corp. attempted to transmit the proof of service, summons, and Complaint to its outside counsel by email. Humphreys Decl. ¶ 5."

Here, X Corp.'s chief complaint is self-inflicted and fatal to the relief requested. Humphreys Decl. is silent as to the use of telephone, courier and cloud services, and other means available to transmit process documents from inside the Corporation to outside the Corporation.

Moreover, no lawyer representing Defendant X Corp. complained of any issue involving receipt of the service of summons and the notice of the Motion for Entry for Default directed to the Registered Agent. This is a point worth remembering for later.

Yet, within five (5) hours of the Motion for Entry for Default being delivered "to a parcel locker at 12:54 pm on October 8, 2026", which is associated with the Registered Agent, the lawyers representing Defendant X Corp. were able to coordinate the filing of three (3) documents with this Honorable Court, ECF 21 ("4:12 PM PDT"), ECF 22 ("4:25 PM PDT"), and ECF 23 ("4:30 PM PDT"), respectively:

**Notice of Electronic Filing**

The following transaction was entered by Wheeler, Nicholas on 10/8/2026 at 4:12 PM PDT and filed on 10/8/2026

**Case Name:** McCray v. United States of America et al
**Case Number:** 3:26-cv-01193-IM
**Filer:** X Corp.
**Document Number:** 21

**Docket Text:**
Motion to Set Aside the Default Judgment . Filed by X Corp.. (Wheeler, Nicholas)

**Notice of Electronic Filing**

The following transaction was entered by Wheeler, Nicholas on 10/8/2026 at 4:25 PM PDT and filed on 10/8/2026

**Case Name:** McCray v. United States of America et al
**Case Number:** 3:26-cv-01193-IM
**Filer:** X Corp.
**Document Number:** 22

**Docket Text:**
Declaration of Bradley P. Humphreys *in Support of Defendant X Corp.'s Motion to Set Aside Entry of Default*. Filed by X Corp.. (Related document(s): Motion to Set Aside Default Judgment[21].) (Wheeler, Nicholas)

**Notice of Electronic Filing**

The following transaction was entered by Wheeler, Nicholas on 10/8/2026 at 4:30 PM PDT and filed on 10/8/2026

**Case Name:** McCray v. United States of America et al
**Case Number:** 3:26-cv-01193-IM
**Filer:** X Corp.
**Document Number:** 23

**Docket Text:**
Motion for Extension of Time to Answer . Filed by X Corp.. (Wheeler, Nicholas)

The fact that Defendant X Corp. was able to preemptively respond to a Motion for Entry of Default in less than five hours, destroys the credibility of the assertion that the Corporation was incapable of responding to the service of the summons and complaint within 21 days.

Earlier, this Honorable Court was asked to remember a point. What ECFs 21, 22 and 23 fail to disclose to this Honorable Court is crucial to the Court's entry of default analysis, and fatal to the relief being sought by Defendant X Corp. through Counsel.

The mailing address used to reach out to Defendant X Corp.'s Registered Agent through the U.S. Postal Service and the server of process, X. CORP., C/O United Agent Group Inc., 2595 N Dallas Pkwy, Suite 350, Frisco, TX 75034, is the same address to which the U.S. Postal Service delivered the package containing the Notice of Lawsuit and Request To Waive Service of Summons on June 24, 2026; the same address appearing on the face of the Summons issued on September 10, 2026, ECF 16 at 1; and is the same address where process was served on September 14, 2026, respectively:

Tracking Number:

**42075034950550667171617109552 4**

Copy Add to Informed Delivery

**Latest Update**

Your item was delivered in or at the mailbox at 12:00 pm on June 24, 2026 in FRISCO, TX 75034.

Get More Out of USPS Tracking:

USPS Tracking Plus®

**Delivered**

**Delivered, In/At Mailbox**

FRISCO, TX 75034
June 24, 2026 12:00 PM

See All Tracking History

What Do USPS Tracking Statuses Mean?

Case 3:26-cv-01193-IM Document 16 Filed 09/10/26 Page 1 of 2

AO 440 (Rev. 06/12) Summons in a Civil Action

UNITED STATES DISTRICT COURT
for the
District of Oregon

EMANUEL MCCRAY
*Plaintiff(s)*
v.
UNITED STATES OF AMERICA, ET AL.
*Defendant(s)*

Civil Action No. 3:26-cv-01193-IM

SUMMONS IN A CIVIL ACTION

To: *(Defendant's name and address)* X. CORP.
C/O United Agent Group Inc.
Registered Agent
2595 N Dallas Pkwy, Suite 350
Frisco, TX 75034

AO 440 (Rev. 06/12) Summons in a Civil Action (Page 2)

Civil Action No. **3:26-cv-01193-SB**

**PROOF OF SERVICE**

***(This section should not be filed with the court unless required by Fed. R. Civ. P. 4 (l))***

This summons for **X. CORP.**
was received by me on **9/13/2026:**

☐ I personally served the **SUMMONS IN A CIVIL ACTION; CIVIL COMPLAINT** on the individual at *(place)* on *(date)* ; or

☐ I left the summons at the individual's residence or usual place of abode with *(name)* , a person of suitable age and discretion who resides there, on , and mailed a copy to the individual's last known address; or

☒ I served the summons on **United Agent Group Inc.**, who is designated by law to accept service of process on behalf of **X. CORP.** at **2595 N Dallas Pkwy, Suite 350 Frisco, TX 75034** on **09/14/2026 at 10:26 AM**; or

From and including Wednesday, June 24, 2026, to, but not including Thursday, October 8, 2026, results in Defendant X Corp.'s Registered Agent having notice of this lawsuit for 106 days, or three months and 14 days excluding Thursday, October 8, 2026.

Moreover, Attorney Humphreys claims in ¶ 2 of his Declaration, without further clarification, that:

> "As part of that representation, my firm monitored the Court's docket in this action on a regular basis."

Attorney Humphreys does not provide a date when the monitoring of the docket began. Given the aforementioned date stamps, Plaintiff believes monitoring began on or about June 24, 2026.

Attorney Humphreys made another claim in ¶ 4 of his Declaration, among other things, that he became aware of ECF 19 on October 6, 2026:

> "I did not receive actual notice that X Corp.'s registered agent had been served until the evening of October 6, 2026, when I became aware of Plaintiff's Motion for Clerk's Entry of Default (ECF No. 19)."

Plaintiff is aware from the CM/ECF timestamps that ECF 19 was entered at "7:33 AM PDT" on October 6, 2026, and that the earliest delivery by the U.S. Postal Service of Plaintiff's Motion for Clerk's Entry of Default to the Registered Agent occurred at "12:54 pm on October 8, 2026".

Thus, Attorney Humphreys had near real-time electronic notice of the filing of ECF 19 two days before hand delivery to the Registered Agent, and three days before the copy of Plaintiff's Motion for Clerk's Entry of Default was hand delivered directly to Defendant X Corp.'s headquarters "at 11:36 am on October 9, 2026 in BASTROP, TX 78602" by the U.S. Postal Service.

In the landmark 1885 civil fraud case, *Edgington v Fitzmaurice* (1885) 29 Ch D 459, Lord Justice Bowen declared: "The state of a man's mind is as much a fact as the state of his digestion." See also *People v. Pannone,* 39 A.D.2d 751, 752 (N.Y. App. Div. 1972) (same).

Lord Justice Bowen's quote is frequently contrasted with a quote from Chief Justice Sir Thomas Brian in the English case *Brian v Case* (1477): "The thought of man shall not be tried, for the devil himself knoweth not the thought of man,' said Chief Justice Brian in Y. B. Pasch, 17 Edw. IV, f. 2, pl. 2." (Douglas J, *dissenting* in *Scales v. United States*, 367 US 203, 266 (1961).)

ECFs 21, 22 and 23 operate right between these two quotes and particularly so when juxtaposed Humphreys Decl.:

> "I, Bradley P. Humphreys, declare as follows:
> 1. I am a Partner at the law firm King Street Legal, PLLC. I represent X Corp. in connection with the above-captioned action, alongside counsel of record Nicholas E. Wheeler of the Law Office of Nicholas E. Wheeler, LLC. Now that X. Corp. has been served, I will soon be seeking Pro Hac Vice admission in this action. I have personal knowledge of the facts set forth below and, if called as a witness, could testify competently to them.
>
> 2. As part of that representation, my firm monitored the Court's docket in this action on a regular basis.
>
> 3. Through October 5, 2026, the docket did not reflect any return or proof of service indicating that X Corp. had been served with the summons and Complaint.
>
> 4. I did not receive actual notice that X Corp.'s registered agent had been served until the evening of October 6, 2026, when I became aware of Plaintiff's Motion for Clerk's Entry of Default (ECF No. 19).
>
> 5. On or about September 18, 2026, X Corp. attempted to transmit to me by email the proof of service, summons, and Complaint. I did not receive that email because the size of the attached documents exceeded the size limit for incoming emails in my firm's email system. I have since reviewed that email.
>
> 6. The failure to respond to the Complaint on or before October 5, 2026 was not willful. It did not result from any intention to disregard the Complaint, to delay these proceedings, or to gain any tactical advantage. It resulted from the transmission failure described above.
>
> 7. Immediately upon learning of the service and of Plaintiff's motion, I took steps to appear and to prepare X Corp's Motion to Set Aside Entry of Default, which is being filed on October 8, 2026."

The Declaration of Bradley P. Humphreys, ECF 22, was possibly the most improper choice necessary to establish the preemptive relief requested. "Courts must prevent the judicial process from being 'used for the purpose of vexation or fraud.'" *Doraleh Container Terminal SA v. Republic of Djibouti,* 109 F.4th 608, 611 (D.C. Cir. 2024), citing *Pueblo of Santa Rosa v. Fall,* 273 U.S. 315, 319 (1927) (quoting *The King of Spain v. Oliver,* 14 F. Cas. 577, 578 (C.C.D. Pa. 1810) (No. 7,814).

Perry Mason, in the Case of the Sleepy Slayer, S8.E4, which aired on October 15, 1964, begins a thought when he asks Della Street if she knew what Justice Holmes said about "negligence and clues". Street finishes the thought by stating: "Even a dog distinguishes between being stumbled over and being kicked."[2]

ECFs 21, 22 and 23 are replete with all the clues necessary for the Court to deny the relief preemptively requested by Defendant X Corp.

**CONCLUSION**

The Court should deny the relief requested.

Submitted respectfully,

s/ Emanuel McCray
Emanuel McCray

[2] The Project Gutenberg EBook of The Common Law, by Oliver Wendell Holmes, Jr. https://www.gutenberg.org/files/2449/2449-h/2449-h.htm.