Nicholas E. Wheeler, OSB No. 044491
E-mail: nick@nickwheelerlaw.com
LAW OFFICE OF NICHOLAS E. WHEELER, LLC
4800 Meadows Road, Suite 300
Lake Oswego, OR 97035
Telephone: (503) 486-4786
Facsimile: (503) 388-3475

Attorney for Defendant X Corp.

UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

PORTLAND DIVISION

EMANUEL MCCRAY, on behalf of himself and all others similarly situated,

Plaintiff,

v.

UNITED STATES OF AMERICA, et al.,

Defendants.

Case No. 3:26-cv-01193-IM

**DEFENDANT X CORP.'S COMBINED REPLY IN SUPPORT OF MOTION TO SET ASIDE ENTRY OF DEFAULT AND MOTION FOR EXTENSION OF TIME TO RESPOND TO COMPLAINT**

Defendant X Corp. offers this combined reply in support of its Motion to Set Aside Entry of Default (ECF No. 21), and Motion for Extension of Time to Respond to Complaint (ECF No. 23).

**A. Introduction**

On October 8, 2026, two days after Plaintiff moved for entry of default under Rule 55(a), X Corp. moved to set aside any entry of default, for good cause shown, and for a modest 14-day extension of time to respond to Plaintiff's 217-page complaint. *See* ECF Nos. 21, 23.

For the reasons explained in X Corp.'s motions, X Corp. has established good cause under Rule 55(c) and Rule 6(b)(1)(B). X Corp.'s failure to respond during the time established by Rule 12(a) was due to a good faith error. Specifically, outside counsel was unaware that X

Corp. had been served because the size of the email transmitting the service documents exceeded the size limit of outside counsel's email system, and no return of service appeared on the docket outside counsel was monitoring until after the deadline had passed. Upon learning that service had been accomplished, and of Plaintiff's motion for default, outside counsel moved within two days to address the error. That is hardly the culpable conduct of a party acting "intentionally," or with "bad faith," *TCI Grp. Life Ins. Plan v. Knoebber*, 244 F.3d 691, 697-68 (9th Cir. 2001), and outside counsel's error was, at most, excusable neglect. Moreover, X Corp. has multiple meritorious defenses to Plaintiff's lawsuit, and Plaintiff will not be prejudiced in any way by setting aside any entry of default.

Plaintiff's Response (ECF No. 24) provides no legitimate reason to deny X Corp.'s motions. Although he argues X Corp. could have responded sooner, he offers nothing to contradict the evidence that outside counsel was unaware X Corp. had been served. Plaintiff also does not dispute that X Corp. has meritorious defenses or explain how he would be prejudiced by granting X Corp.'s motions. Given the strong preference that cases be resolved on their merits, rather than based on technical missteps, X Corp. respectfully asks that the Court set aside any entry of default and provide a modest extension of time for X Corp. to move to dismiss Plaintiff's claims.

**B. Argument**

**1. X Corp.'s failure to respond resulted from an inadvertent error, not any culpable conduct.**

Plaintiff's principal argument is that X Corp. could have responded sooner. But the question under Rule 55(c) is not whether X Corp. could have met the deadline; it is whether X Corp. failed to respond "intentionally," meaning in bad faith. *TCI*, 244 F.3d at 697; *see also United States v. Signed Pers. Check No. 730 of Yubran S. Mesle*, 615 F.3d 1085, 1092 (9th Cir.



Law Office of Nicholas E. Wheeler, LLC
4800 Meadows Road, Suite 300
Lake Oswego, OR 97035
Telephone: (503) 486-4786
Facsimile: (503) 388-3475

2010) (bad faith means "an intention to take advantage of the opposing party, interfere with judicial decisionmaking, or otherwise manipulate the legal process"); *see also id.* ("We have typically held that a defendant's conduct was culpable for purposes of the good cause factors where there is *no explanation* of the default inconsistent with a devious, deliberate, willful, or bad faith failure to respond.") (emphasis added)). Nothing in Plaintiff's Response credibly suggests that X Corp. acted in bad faith, and Plaintiff's own exhibits confirm X Corp.'s explanation for the delay. Plaintiff reproduces the Notice of Electronic Filing showing that his affidavit of service (ECF No. 19) was not filed until 7:33 a.m. PDT on October 6, 2026 – the day *after* X Corp.'s deadline and the same day Plaintiff moved for entry of default. ECF No. 24 at 4.[1] The exhibit confirms that, through October 5, the docket outside counsel was monitoring showed no service on X Corp. Humphreys Decl. ¶¶ 2-3.

Nor do Plaintiff's other arguments suggest bad faith. He contends that X Corp. could have sent the papers to outside counsel by "telephone, courier and cloud services." ECF No. 24 at 5. At most, that suggests the transmission failure was avoidable by X Corp., not that X Corp. or its outside counsel failed to respond deliberately or in bad faith. Under Rule 55(c), even a "neglectful failure to answer" supported by a credible, good-faith explanation is not culpable conduct. *TCI*, 244 F.3d at 697–98. And excusable neglect for purposes of Rule 6(b)(1)(B) reaches delays "caused by inadvertence, mistake, or carelessness," *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 388 (1993), including errors wholly within

[1] X Corp.'s opening papers stated that Plaintiff moved for entry of default at 1:46 a.m. on October 6. The 1:46 a.m. time is actually the time of the docket printout attached to Plaintiff's supporting declaration. *See* ECF No. 19 ¶ 2. As the Notices of Electronic Filing reproduced in the Response show, Plaintiff's declaration (ECF No. 19) was entered at 7:33 a.m. PDT and his motion (ECF No. 20) at 8:11 a.m. PDT. ECF No. 24 at 4. Nothing turns on the correction: on either timeline, outside counsel learned of service on October 6, and X Corp. moved for relief two days later.



Law Office of Nicholas E. Wheeler, LLC
4800 Meadows Road, Suite 300
Lake Oswego, OR 97035
Telephone: (503) 486-4786
Facsimile: (503) 388-3475

counsel's control, *Pincay v. Andrews*, 389 F.3d 853, 859-60 (9th Cir. 2004) (en banc). Outside counsel's failure to receive prompt notice of service, while regrettable, was not intentional and does not defeat X Corp.'s showing of good cause.

Plaintiff also attempts to turn X Corp.'s diligence against it. He contends that, because X Corp. filed its motions within hours of the registered agent's receipt of his *mailed* default motion on October 8, it must have been capable of answering earlier. ECF No. 24 at 5-6. The premise is wrong. Counsel learned of service from the docket on the evening of October 6 – as Plaintiff acknowledges, *id.* at 9 – and X Corp. sought relief within two days. Humphreys Decl. ¶¶ 4, 7. Acting promptly once a missed deadline comes to light is the opposite of the "devious, deliberate, willful, or bad faith" conduct. *TCI*, 244 F.3d at 698. Plaintiff offers no evidence of any bad faith conduct or intent, because there was none. And his allegation that the Humphreys Declaration was offered for "vexation or fraud," ECF No. 24 at 11, is unsupported hyperbole.

**2. Pre-service "notice" of the lawsuit is irrelevant.**

Plaintiff's central theme in his Response is that X Corp. has known about this lawsuit since June and therefore should have responded long ago. *See* ECF No. 24 at 7-8. But a defendant is "required to take action" only "upon service of a summons or other authority-asserting measure." *Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 350 (1999). The summons did not issue until September 10 (ECF No. 16), and the consequence of declining a waiver request is cost-shifting, not an earlier deadline. *See* Fed. R. Civ. P. 4(d)(2). X Corp. does not dispute that it was properly served on September 14 or that its response was due October 5. ECF No. 21 at 4. Plaintiff's arguments about service, due process, and counsel's authority, ECF No. 24 at 2–3, are all beside the point.



Law Office of Nicholas E. Wheeler, LLC
4800 Meadows Road, Suite 300
Lake Oswego, OR 97035
Telephone: (503) 486-4786
Facsimile: (503) 388-3475

**3. Plaintiff does not contest X Corp.'s defenses or identify any prejudice that would result from granting X Corp.'s motions.**

Plaintiff's Response leaves the remaining good cause factors unchallenged. Plaintiff's sole claim against X Corp. is for "assault and battery." Compl. ¶ 2. As best X Corp. can discern, the theory is that X Corp., along with numerous other defendants, participated in a COVID-19 "Censorship Industrial Complex" to create the conditions that caused serious bodily injuries," *id.* ¶ 16, for which Plaintiff seeks $400 trillion, *id.*, Prayer for Relief; *see also* ECF No. 24 at 2 (describing "a global assault and battery flowing from a scheme to commit, and attempt to commit, mass global homicide").

X Corp. identified several meritorious defenses to Plaintiff's claim, including lack of standing, lack of personal jurisdiction, improper venue and a mandatory forum-selection clause, Section 230 immunity, and failure to state a claim. ECF No. 21 at 6–7. Plaintiff does not respond to any of them, and X Corp.'s burden on this factor is "not extraordinarily heavy" in any event. *Mesle*, 615 F.3d at 1094. Nor has Plaintiff explained how he would be prejudiced by allowing X Corp. to respond to the Complaint. As the Ninth Circuit has recognized, losing a "quick victory" is not prejudice. *Bateman v. U.S. Postal Serv.*, 231 F.3d 1220, 1225 (9th Cir. 2000). To the contrary, the Ninth Circuit has made clear that "[j]udgment by default is a drastic step appropriate only in extreme circumstances; a case should, whenever possible, be decided on the merits." *Mesle*, 615 F.3d at 1091 (quoting *Falk v. Allen*, 739 F.2d 461, 463 (9th Cir. 1984)). Moreover, this case remains in its earliest stages. No schedule has been set, and X Corp. moved for relief two days after Plaintiff sought default. Plaintiff would not be prejudiced by the requested relief.



Law Office of Nicholas E. Wheeler, LLC
4800 Meadows Road, Suite 300
Lake Oswego, OR 97035
Telephone: (503) 486-4786
Facsimile: (503) 388-3475

## CONCLUSION

The Court should set aside any entry of default against X Corp. and extend X Corp.'s deadline to answer, move, or otherwise respond to the Complaint to and including October 22, 2026.

DATED: October 16, 2026

LAW OFFICE OF NICHOLAS E. WHEELER, LLC

Nicholas E. Wheeler, OSB No. 044491
nick@nickwheelerlaw.com
Attorney for Defendant X Corp.



Law Office of Nicholas E. Wheeler, LLC
4800 Meadows Road, Suite 300
Lake Oswego, OR 97035
Telephone: (503) 486-4786
Facsimile: (503) 388-3475

## CERTIFICATE OF SERVICE

I hereby certify that I caused to be served a true and correct copy of the foregoing **DEFENDANT X CORP.'S COMBINED REPLY IN SUPPORT OF MOTION TO SET ASIDE ENTRY OF DEFAULT AND MOTION FOR EXTENSION OF TIME TO RESPOND TO COMPLAINT** on the date indicated below by:

☐ mail with postage prepaid, deposited in the US mail at Portland, Oregon,

☐ courtesy copy also sent by email,

☐ hand delivery,

☐ facsimile transmission,

☐ overnight delivery,

☐ courtesy copy via email,

☒ **electronic filing notification.**

I further certify that said copy was delivered as indicated above and addressed to said attorney(s) at the address(es) listed below:

Emanuel McCray
400 W McLoughlin Boulevard,
Apartment 5
Vancouver, WA 98660
emanuel.mccray@hotmail.com
*Pro Se* Plaintiff

Peter D. Hawkes
Angeli & Calfo LLC
121 SW Morrison Street, Suite 400
Portland, OR 97204
peter@angelicalfo.com
Attorney for Defendant Meta Platforms, Inc.

DATED: October 16, 2026

Nicholas E. Wheeler



Law Office of Nicholas E. Wheeler, LLC
4800 Meadows Road, Suite 300
Lake Oswego, OR 97035
Telephone: (503) 486-4786
Facsimile: (503) 388-3475