**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF OREGON (PORTLAND)**

| | |
|---|---|
| EMANUEL MCCRAY, a/k/a “Trump Genius,” *On Behalf of Himself and All Others Similarly Situated,*<br><br>Plaintiffs,<br><br>vs.<br><br>UNITED STATES OF AMERICA, *et al.*,<br><br>Defendants. | Case No. **3:26-CV-01193-IM**<br><br>PLAINTIFFS’ REPLY TO DEFENDANT UNITED STATES’ RESPONSE IN OPPOSITION TO PLAINTIFF’S MOTIONS TO ENTER DEFAULT JUDGMENT [ECF NOS. 18, 26] [ECF 31] |

Plaintiff Emanuel McCray urges respectfully that the relief currently being sought by Defendants United States of America and United States Centers for Medicare & Medicaid Services be denied unless and until a judicial determination regarding the power and authority of U.S. Attorney Scott E. Bradford provides proof to the contrary.

In support of this Reply, Plaintiff relies upon the record in this case and the Memorandum of Law that follows.

Dated this 17th day of October 2026.

s/Emanuel McCray
Emanuel McCray
*Plaintiff, Pro Se*

# MEMORANDUM OF LAW

## A. Introduction.

Defendants United States of America and United States Centers for Medicare & Medicaid Services seek relief from an event that has not occurred: "Plaintiff's Motions to Enter Default Judgment (ECF Nos. 18, 26)". ECF 31 at 1.

This pleading, ECF 31, repeatedly treats Plaintiff's Rule 55(a) motions as motions for default judgment and relies upon Rule 55(d)'s default-judgment evidentiary standard to oppose relief that the motions do not presently request.

Further, ECF 31 does not answer the motions Plaintiff actually filed. The Government Defendants failed to confront Plaintiff's separately developed contention that the United States had already voluntarily appeared through U.S. Attorney Scott Bradford, whose appearance was recorded on the face of the Docket printed on June 16, 2026, and whose electronic mail addresses were uploaded into the CM/ECF system as authorized to receive notice of electronic filings (NEF).

The last NEF received by U.S. Attorney Scott Bradford was dated August 12, 2026, and associated with ECF 9.

On July 14, 2026, the Court's Order, ECF 8, denying Plaintiff's Request for Judicial, ECF 6, stated that "[n]o defendant has yet appeared in this case."

In support of their opposition, Defendants United States of America and United States Centers for Medicare & Medicaid Services glaringly omit some of the

primary facts Plaintiff relied upon in requesting the Clerk enter their defaults: "attorney representation"; "authority of counsel"; "appearance"; "service of process"; "actual notice"; "principal-agent"; "presumption of authority"; "due process of law"; and "silence".

The Court's statement in ECF 8, that "[n]o defendant has yet appeared in this case", coupled with the failure of ECF 31 to address the authority of U.S. Attorney Scott E. Bradford, suggests to Plaintiff that these are threshold issues the existing record will not permit the Court to simply brush aside in light of the preservation of the integrity of the judicial process and the public interest in a global pandemic where declassified intelligence points to Defendant Anthony Fauci. See ECF 6.

**B. Authorities.**

Plaintiff urges the Court to first decide, before addressing ECF 31, what was U.S. Attorney Bradford's power and authority while appearing on the face of the docket on June 16, 2026 in representing the United States and in subsequently receiving real-time electronic notifications through CM/ECF until August 12, 2026.

Under *Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.,* 526 U.S. 344, 351 (1999), "[u]nless a named defendant agrees to waive service, the summons continues to function as the *sine qua non* directing an individual or entity to participate in a civil action or forgo procedural or substantive rights."

Where the record shows Defendant United States made a "voluntary appearance" by U.S. Attorney Bradford appearing on the docket in June 2026, and this appearance was authorized, "it is as effective for the purposes of jurisdiction as an actual service of summons." *Hill v. Mendenhall,* 88 U.S. 453, 454 (1874).

"When an attorney of record appears in an action for one of the parties, his authority, in the absence of any proof to the contrary, will be presumed. A record which shows such an appearance will bind the party until it is proven that the attorney acted without authority." *Id.,* 88 U.S. at 454.

See also *Doraleh Container Terminal SA v. Republic of Djibouti,* 109 F.4th 608, 611 (D.C. Cir. 2024) ("Such authority is presumed".). Where record evidence raises a substantial question concerning counsel's authority, the court should determine whether the representation was authorized. *Id.,* 109 F.4th at 611, citing *Pueblo of Santa Rosa v. Fall,* 273 U.S. 315, 319 (1927).

For an attorney to represent another in Court, that attorney's "power must indeed exist". *Osborn v. Bank of the United States,* 22 U.S. (9 Wheat.) 738, 830 (1824).

Plaintiff requests entry of default if Rule 55(a)'s prerequisites are established; and alternatively, before denying default on the premise that the United States never appeared or was never obligated to respond, determine U.S. Attorney Bradford's

power and authority and the nature, duration, and termination of his appearance on the docket and in CM/ECF.

Plaintiff believes this formulation best supports what the present evidence establishes. This would permit the Court to address the statement in ECF 8 that "[n]o defendant has yet appeared in this case", while U.S. Attorney Bradford was maintaining an electronic presence in CM/ECF under "Scott E. Bradford scott.bradford@usdoj.gov, CaseView.ECF@usdoj.gov, jessica.biggers@usdoj.gov" and had received actual notice of ECF 8, yet remained silent.

Additionally, on July 6, 2026, Plaintiff attempted to cause issuance of Summons directed to defendant United States of America when obtaining Summons addressed to Anthony Stephen Fauci, United States Centers for Medicare & Medicaid Services. See ECF 4. The front desk Clerk refused to issue Summons for the United States on the basis that the Attorney General was not named as a defendant. See Plaintiff's Exhibit 1.

Finally, the arguments in opposition make several propositions, e.g., Plaintiff's October 2, 2026 response deadline is October 16, 2026 relying on LR 7-1(e)(1) and Rule 6(a)(1). The October 11, 2026 motion produces an October 26, 2026 response deadline, again invoking Rule 6(a)(1). The United States is not in default because Rule 12(a)(2) gives it 60 days following service on the U.S. Attorney. September 21, 2026 is asserted as the relevant service date, which would produce a November 20,

2026 answer deadline. And that, even if the United States were in default, ECF 31 invokes Rule 55(d)'s special default-judgment protection.

The arguments in opposition then pivots to assert in ¶ 5, ECF 31, that no evidence could support the requested relief and emphasizes the supposed $400 trillion demand.

Plaintiff found from the face of ECF 31 a lack of citations from the Supreme Court, Ninth Circuit, District of Oregon, or other judicial decisions supporting these listed propositions.

This becomes considerably more significant when juxtaposed with what ECF 31 fails to address: the legal issue actually presented by Plaintiff in his Motions for Entry of Default, the effect of an authorized appearance by counsel for the United States on or about June 16, 2026, before the September 21, 2026 formal-service upon the U.S. Attorney which Counsel exclusively relies; a reasoning that assumes September 21, 2026 has to be a controlling trigger, without addressing the complete record of events known to U.S. Attorney Bradford.

This asymmetry is important. Bradford was held out to the public as "LEAD ATTORNEY" and "ATTORNEY TO BE NOTICED." The NEF timestamps then reflects the fact that Bradford and DOJ electronic addresses received electronic notices through August 12, 2026, including ECF 8 and ECF 9.

Yet, ECF 31 cites not a single judicial decision explaining its analysis as to why those facts have no legal consequence; that Bradford's docket designation was not a voluntary appearance by the United States; that his presumed authority should be disregarded; that an authorized voluntary appearance by the U.S. Attorney cannot waive service of summons and process; that an authorized voluntary appearance cannot affect Rule 12 timing; that the June 16, 2026 docket designation was merely administrative; that the NEF participation had no relevance in determining whether counsel appeared; that September 21, 2026 necessarily controls despite the earlier attorney association with the docket in June 2026; or that an attorney designated as representing the United States may simply be treated as though no appearance occurred at all, notwithstanding *Osborn v. Bank of the United States,* 22 U.S. (9 Wheat.) 738, 830 (1824); *Hill v. Mendenhall,* 88 U.S. 453, 454 (1874); *Pueblo of Santa Rosa v. Fall,* 273 U.S. 315, 319 (1927) and *Doraleh Container Terminal SA v. Republic of Djibouti,* 109 F.4th 608, 611 (D.C. Cir. 2024).

The Court's statement in ECF 8 makes the omissions and the analysis in ECF 31 harder to overlook because the statement regarding no appearance came after Bradford appeared on the face of the Docket in June 2026. ECF 31 makes little to no effort to reconcile the record.

Finally, Counsel argues in ¶ 1 of ECF 31 that "LR 7-1(e)(1) allows a party to "file and serve any response within 14 days after service of the Motion.'" This assertion creates tension with Rule 55(a), which provides a simple command:

> "When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default."

Nothing in LR 7-1(e)(1) conflicts with, or trumps the mandatory and ministerial nature of Rule 55(a). "[T]he clerk must enter the party's default" under the conditions stated in this Federal Rule of Civil Procedure.

Plaintiff therefore requests respectfully that, before determining whether Defendants United States of America and United States Centers for Medicare & Medicaid Services failed to plead or otherwise defend under Rule 55(a), the Court first resolve the antecedent question of Bradford's authority and the legal effect of his appearance under the principles recognized in *Osborn, Hill* and *Doraleh*, particularly where, as here, ECF 31's lack of precedent and substantive analysis addressing the issues of power and authority that the docket and ECF 8 now place in dispute.

**CONCLUSION**

The Court should first address the power and authority of U.S. Attorney, before directing the Clerk of the Court to enter or deny the default of Defendants United States of America and United States Centers for Medicare & Medicaid Services.

Submitted respectfully,

s/Emanuel McCray
Emanuel McCray