**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF OREGON**

**EMANUEL MCCRAY,** on behalf of himself and all others similarly situated, also known as "Trump Genius,"

Plaintiff,

v.

**UNITED STATES OF AMERICA; ANTHONY STEPHEN FAUCI**, in his official capacity as the Director of the National Institute of Allergy and Infectious Diseases, **UNITED STATES CENTERS FOR MEDICARE & MEDICAID SERVICES; ATLAS GENOMICS, LLC**, a United States CLIA-Certified Laboratory**; X Corp.**, a for-profit corporation; **META PLATFORMS**, a for-profit corporation.

Defendants.

Case No. 3:26-cv-01193-IM

**ORDER DISMISSING CLAIMS AGAINST GOVERNMENT DEFENDANTS FOR LACK OF JURISDICTION**

**IMMERGUT, District Judge**

Plaintiff brings this case against Defendants Meta Platforms, Inc., the United States of America, Anthony Stephen Fauci in his official capacity as the Director of the National Institute of Allergy and Infectious Diseases, the United States Centers for Medicare & Medicaid Services,

Atlas Genomics, LLC, and X Corp., for assault and battery under 42 USC § 233(a). Complaint, ECF 1 at 167, 212. For the reasons that follow, all claims against government Defendants are DISMISSED for lack of jurisdiction.

**DISCUSSION**

**A. Lack of Jurisdiction**

"If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." Fed. R. Civ. P. 12(h)(3). Federal district courts have "original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. "An action 'arises under' federal law pursuant to § 1331 if the cause of action (i) is created by federal law, or (ii) necessarily requires resolution of a substantial question of federal law." *Osceola Blackwood Ivory Gaming Grp., LLC v. Picayune Rancheria of Chukchansi Indians*, 272 F. Supp. 3d 1205, 1210 (E.D. Cal. 2017) (citing *Grable & Sons Metal Prods., Inc. v. Darue Eng'g & Mfg.*, 545 U.S. 308, 314 (2005)). Plaintiff makes his claims under the Federal Torts Claims Act ("FTCA"), 28 U.S.C. § 1346(b)(1). Complaint, ECF 1 ¶ 29–30. Although it is true that this Court may have federal question subject matter jurisdiction over FTCA claims against the United States under 28 U.S.C. § 1346(b), Plaintiff has failed to undertake the procedural steps to adequately file an FTCA claim against the United States. The FTCA prohibits an action against the USA "unless the claimant shall have first presented the claim to the appropriate Federal agency and his claim shall have been finally denied by the agency in writing and sent by certified or registered mail." 28 U.S.C. § 2675; *Kemper v. U.S. Dep't of Educ.*, 285 F. Supp. 3d 145, 149 (D.D.C. 2018) ("Nothing in the record indicates that Plaintiff presented a written claim to the appropriate Federal agency before filing suit, as required by the FTCA. That presentment requirement is jurisdictional.")(cleaned up); *Colbert v. U.S. Postal Serv.*, 831 F. Supp. 2d 240,

243 (D.D.C. 2011)("A plaintiff must therefore plead administrative exhaustion in an FTCA case."). Plaintiff has failed to allege or provide any information in his lengthy complaint that he has done so. Although not mentioned in his Complaint, it appears that Plaintiff attached as Exhibit 1, ECF 1-2 at 2, documentation of presentation of an FTCA claim. Even considering this as part of the Complaint, Plaintiff still has not validly presented an FTCA claim to the appropriate federal agency. Plaintiff asserts in the form claims against the National Security Council, the White House Office, the U.S. House of Representatives, and the U.S. Senate, none of whom are the named Defendants here. *Id.* Moreover, Plaintiff asserts in the document that the accident he seeks relief for occurred on December 31, 2019 but filed the form on February 23, 2025, outside the statute of limitations. 28 U.S.C. § 2401 (providing for a two-year statute of limitations). Therefore, without satisfying the procedural steps to make a claim under the FTCA, there is no federal question jurisdiction. *Castro v. United States,* No. 23-15841, 2024 WL 2892438, at *1–2 (9th Cir. June 10, 2024) (affirming district court's finding of "lack of subject matter jurisdiction over the [plaintiff's] claims because [plaintiff] failed to present their personal injury claims to the [requisite federal agency] prior to instituting this action as required by 28 U.S.C. § 2675(a)."). Because this Court has determined that it lacks subject-matter jurisdiction over the claims against federal Defendants in this case, those claims are dismissed.

**B. Lawsuit is Frivolous**

Even if Plaintiff could adequately plead his FTCA claims, the Court would still lack subject matter jurisdiction and have to dismiss the claims because the Complaint is frivolous. When a complaint is "frivolous," a court may "exercise its authority to sua sponte dismiss the Complaint … for lack of subject matter jurisdiction under Federal Rule of Civil Procedure 12(b)(1)." *Kraft v. Fairbank*, No. CV-23-00450-PHX-DLR, 2023 WL 4862433, at *1–2 (D. Ariz.

Mar. 17, 2023); *see also Hagans v. Lavine*, 415 U.S. 528, 536–38 (1974); *Neitzke v. Williams*, 490 U.S. 319, 327 n. 6 (1989) ("A patently insubstantial complaint may be dismissed … for want of subject-matter jurisdiction under Federal Rule of Civil Procedure 12(b)(1)."). A complaint is frivolous "where it lacks an arguable basis either in law or in fact." *Neitzke*, 490 U.S. at 325. "[A] finding of factual frivolousness is appropriate when the facts alleged rise to the level of the irrational or the wholly incredible, whether or not there are judicially noticeable facts available to contradict them." *Denton v. Hernandez*, 504 U.S. 25, 33 (1992).

Here, in his lengthy, 217-page Complaint, Plaintiff asks the Court to "[d]eclare that the COVID-19 pandemic represented a crossover between ritual human sacrifice and historic human sacrifice involving 'medical' intent," direct the United States to "classify all future COVID-19 deaths as 'homicide,'" and issue a judgment of $400 trillion dollars against the United States and other named defendants, among other prayers for relief. Complaint, ECF 1 at 213–14. The Complaint's narrative ranges from the 1902 Biologics Control Act, "classical Athens" and the Peloponnesian War, "the elevation of Pedo Jimmy to the level of 'untouchable' by both [Queen] Elizabeth and the Pope/Holy See," the Nuremberg trials, an episode of *Perry Mason*, and Plaintiff's separate "sexual harassment and computer fraud complaint against Microsoft Corporation." *Id.* ¶¶ 1, 55, 150, 176, 199, 225, 230, 332. The Court finds that Plaintiff's allegations go beyond unlikely or improbable and rise to the level of "the wholly incredible." *Denton*, 504 U.S. at 33. As such, this Court dismisses all claims against all government Defendants for lack of subject matter jurisdiction.

### C. Leave to Amend

This Court denies Plaintiff leave to amend. A court should "freely give leave [to amend] when justice so requires," Fed. R. Civ. P. 15(a)(2), but "may in its discretion deny leave to

amend due to . . . futility of amendment" when "the complaint could not be saved by any amendment." *Zucco Partners, LLC v. Digimarc Corp.*, 552 F.3d 981, 1007 (9th Cir. 2009) (cleaned up). This Court concludes that any further attempts to amend the Complaint would be futile.

First, even if the claims against government Defendants were properly pleaded under the FTCA, Plaintiff may only sue the United States of America, and not any government individuals or agencies. 28 U.S.C. § 2679(a); *Allgeier v. United States*, 909 F.2d 869, 871 (6th Cir. 1990) ("The FTCA clearly provides that the United States is the only proper defendant in a suit … Failure to name the United States as defendant in an FTCA suit results in a fatal lack of jurisdiction."). Therefore, because the entirety of Plaintiff's claims against Anthony Stephen Fauci and United States Centers for Medicare & Medicaid Services are FTCA claims against individuals and agencies, there is no way to amend these claims to properly plead under the FTCA. As such, those claims are dismissed with prejudice and without leave to amend.

Further, "[a] tort claim against the United States shall be forever barred unless it is presented in writing to the appropriate Federal agency within two years after such claim accrues." 28 U.S.C. § 2401. Generally, "a tort claim under the FTCA accrues when a plaintiff is injured." *Morales-Melecio v. United States*, 890 F.3d 361, 368 (1st Cir. 2018); *see also Duralev*, 186 F.4th 720, 726 (9th Cir. 2026) (affirming a district court's decision time-barring a FTCA claim that began accruing "at the times of his allegedly unlawful arrest, detention, and assault"). From what this Court can discern from his 217-page Complaint, ECF 1, Plaintiff's injuries began as early as March 23, 2023, when he first tested positive for the antibodies to the SARS-COV-2 antibodies that he alleges are the source of his injury. Complaint, ECF 1, ¶ 30. Because Plaintiff has not presented his tort claims in writing to the appropriate federal agency as of March 23,

2025, his claims are "forever barred." *See* 28 U.S.C. § 2401. Therefore, even with an opportunity to amend, Plaintiff is unable to state a claim under the FTCA that would grant this Court jurisdiction. Accordingly, Plaintiff's claims against the United States are also dismissed with prejudice and without leave to amend. Finally, given this Court's finding that the Plaintiff's claims are frivolous, this Court further concludes that any further attempts to amend the Complaint would be futile.

## CONCLUSION

For the reasons described above, all claims against government Defendants the United States of America, Anthony Stephen Fauci in his official capacity as the Director of the National Institute of Allergy and Infectious Diseases, and the United States Centers for Medicare & Medicaid Services, are DISMISSED WITH PREJUDICE and without leave to amend.

**IT IS SO ORDERED.**

DATED this 5th day of November, 2026.

/s/ Karin J. Immergut
Karin J. Immergut
United States District Judge