**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF OREGON**

**EMANUEL MCCRAY,** on behalf of himself and all others similarly situated, also known as "Trump Genius,"

Plaintiff,

v.

**UNITED STATES OF AMERICA; ANTHONY STEPHEN FAUCI**, in his official capacity as the Director of the National Institute of Allergy and Infectious Diseases, **UNITED STATES CENTERS FOR MEDICARE & MEDICAID SERVICES; ATLAS GENOMICS, LLC**, a United States CLIA-Certified Laboratory**; X Corp.**, a for-profit corporation; **META PLATFORMS**, a for-profit corporation.

Defendants.

Case No. 3:26-cv-01193-IM

**ORDER DISMISSING ALL CLAIMS AGAINST X CORP.**

**IMMERGUT, District Judge**

Plaintiff brings this case against Defendants Meta Platforms, Inc., the United States of America, Anthony Stephen Fauci in his official capacity as the Director of the National Institute of Allergy and Infectious Diseases, the United States Centers for Medicare & Medicaid Services,

Atlas Genomics, LLC, and X Corp. (“X”), for assault and battery under 42 USC § 233(a). Complaint, ECF 1 at 167, 212. X moves to dismiss Plaintiff’s claims for lack of personal jurisdiction under Fed. R. Civ. P. 12(b)(2). Motion to Dismiss for Lack of Jurisdiction (“Mot. Dismiss”), ECF 35. For the reasons that follow, the motion is **GRANTED.**

## DISCUSSION

### A. Failure to State a Claim

Plaintiff fails to succinctly provide information to state a cognizable claim against X Under Federal Rule of Civil Procedure 8(a)(2), every complaint must contain “a short and plain statement of the claim showing that the pleader is entitled to relief.” Fed. R. Civ. P. 8(a)(2). This standard “does not require ‘detailed factual allegations,’” but does demand “more than an unadorned, the-defendant-unlawfully-harmed-me accusation.” *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). Plaintiff’s 217-page complaint is largely undecipherable as to its legal claims and contains a series of “defendant-unlawfully-harmed-me accusation[s].” *See id.*; *see generally* Complaint, ECF 1. It is impossible to determine what exactly Plaintiff is alleging, whom he is alleging violated his rights, and what legal justifications he has for those allegations. This Court cannot “piece together a theory of liability from [Plaintiff’s] string of . . . assertions.” *Valadez-Lopez v. Chertoff*, 656 F.3d 851, 859 (9th Cir. 2011).

With respect to X in particular, Plaintiff has broadly asserted that it had a “direct role[] involving [] conspiracy-type participation in (1) the COVID-19 pandemic ‘Censorship Industrial Complex’ deployed by the United States and other Nations,” “falsely, fraudulently, recklessly, and criminal negligently argu[ed] for and produc[ed] science literature to support their ‘natural origin’ theory,” and “acted in ‘medical’ confederation with Fauci to create the conditions that

caused serious bodily injuries to Plaintiffs." Complaint, ECF 1 ¶¶ 16, 311, 336. It is not clear how these alleged facts support Plaintiff's purported assertion of assault and battery against X. Thus, Plaintiff has failed to state a claim against X.

**B. Lack of Subject Matter Jurisdiction**

"If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." Fed. R. Civ. P. 12(h)(3). When a complaint is "frivolous," a court may "exercise its authority to sua sponte dismiss the Complaint and this action for lack of subject matter jurisdiction under Federal Rule of Civil Procedure 12(b)(1)." *Kraft v. Fairbank*, No. CV-23-00450-PHX-DLR, 2023 WL 4862433, at *1–2 (D. Ariz. Mar. 17, 2023); *see also Hagans v. Lavine*, 415 U.S. 528, 536–38 (1974); *Neitzke v. Williams*, 490 U.S. 319, 327 n. 6 (1989) ("A patently insubstantial complaint may be dismissed … for want of subject-matter jurisdiction under Federal Rule of Civil Procedure 12(b)(1)."). A complaint is frivolous "where it lacks an arguable basis either in law or in fact." *Neitzke*, 490 U.S. at 325. "[A] finding of factual frivolousness is appropriate when the facts alleged rise to the level of the irrational or the wholly incredible, whether or not there are judicially noticeable facts available to contradict them." *Denton v. Hernandez*, 504 U.S. 25, 33 (1992).

Here, in his lengthy, 217-page Complaint, Plaintiff asks the Court to "[d]eclare that the COVID-19 pandemic represented a crossover between ritual human sacrifice and historic human sacrifice involving 'medical' intent," direct the United States to "classify all future COVID-19 deaths as 'homicide,'" and issue a judgment of $400 trillion dollars against the United States and other named defendants, among other prayers for relief. Complaint, ECF 1 at 213–14. The Complaint's narrative ranges from the 1902 Biologics Control Act, "classical Athens" and the Peloponnesian War, "the elevation of Pedo Jimmy to the level of 'untouchable' by both [Queen]

Elizabeth and the Pope/Holy See," the Nuremberg trials, an episode of *Perry Mason*, and Plaintiff's separate "sexual harassment and computer fraud complaint against Microsoft Corporation." *Id.* ¶¶ 1, 55, 150, 176, 199, 225, 230, 332. The Court finds that Plaintiff's allegations go beyond unlikely or improbable and rise to the level of "the wholly incredible." *Denton*, 504 U.S. at 33. As such, this Court dismisses all claims against X for lack of subject matter jurisdiction.

**C. Leave to Amend**

This Court denies Plaintiff leave to amend. A court should "freely give leave [to amend] when justice so requires," Fed. R. Civ. P. 15(a)(2), but "may in its discretion deny leave to amend due to . . . futility of amendment" when "the complaint could not be saved by any amendment." *Zucco Partners, LLC v. Digimarc Corp.*, 552 F.3d 981, 1007 (9th Cir. 2009) (cleaned up). The Court concludes that any further attempts to amend would be futile. Here, there is no claim under 42 U.S.C. § 233 that can be plausibly alleged against X, as this statute provides remedies solely against the United States, not private companies. 42 U.S.C. § 233. Additionally, any claim that Plaintiff may attempt to bring against X for censorship—Complaint, ECF 1 ¶ 16–20—would be barred by Section 230(c) of the Communications Decency Act. 47 U.S.C. § 230(c). This provision both provides that (1) "[n]o provider or user of an interactive computer service shall be treated as the publisher or speaker of any information provided by another information content provider," and (2) "[n]o provider or user of an interactive computer service shall be held liable on account of . . .any action voluntarily taken in good faith to restrict access to or availability of material that the provider or user considers to be … otherwise objectionable, whether or not such material is constitutionally protected." *Id.* In other words, a private company cannot be held liable for publication activity, which includes "reviewing,

editing, and deciding whether to publish or to withdraw from publication third-party content." *Barnes v. Yahoo!, Inc.*, 570 F.3d 1096, 1102 (9th Cir. 2009). Thus, there are no legally viable pathways for Plaintiff to pursue against X with an amendment of his Complaint. Additionally, as stated above, given this Court's finding that the Plaintiff's claims are frivolous, this Court further concludes that any further attempts to amend the Complaint would be futile.

**CONCLUSION**

For the reasons described above, all claims against X are DISMISSED WITH PREJUDICE and without leave to amend.

**IT IS SO ORDERED.**

DATED this 5th day of November, 2026.

/s/ Karin J. Immergut
Karin J. Immergut
United States District Judge